Matthew D. Francis
Nevada Bar No. 6978
Arthur A. Zorio
Nevada Bar No. 6547
BROWNSTEIN HYATT FARBER SCHRECK, LLP
5520 Kietzke Lane, Suite 110
Reno, Nevada 89511
Telephone: 775-324.4100
Facsimile: 775-333-8171
Email: mfrancis@bhfs.com
Email: azorio@bhfs.com

Eric G. Maurer (GA Bar # 478199)
(*pro hac vice to be submitted*)
Cynthia J. Lee (GA Bar # 442999)
(*pro hac vice to be submitted*)
THOMAS | HORSTEMEYER, LLP
3200 Windy Hill Road, Suite 1600E
Atlanta, Georgia 30339
Telephone: 770-933-9500
Fax: 770-951-0933
Email: e.maurer@thip.law
Email: c.lee@thip.law

John F. Renzulli (NY Bar # 1931476)
(*pro hac vice to be submitted*)
Peter V. Malfa (NY Bar # 5224720)
(*pro hac vice to be submitted*)
RENZULLI LAW FIRM, LLP
One North Broadway, Suite 1005
White Plains, New York 10601
Telephone: 914-285-0700
Fax: 914-285-1213
Email: jrenzulli@renzullilaw.com
Email: pmalfa@renzullilaw.com

*Attorneys for Plaintiff GLOCK, Inc.*

**UNITED STATES DISTRICT COURT**

**DISTRICT OF NEVADA**

| | |
|---|---|
| GLOCK, INC. a Georgia corporation,<br><br>Plaintiff,<br><br>v.<br><br>POLYMER80, INC., a Nevada corporation,<br><br>Defendant. | Case No.:<br><br>**COMPLAINT**<br><br>**JURY DEMAND** |

Plaintiff GLOCK, Inc. ("GLOCK"), by and through its undersigned attorneys, files this Complaint for Patent Infringement against Defendant Polymer80, Inc. ("Polymer80"), and in support thereof alleges as follows:

## NATURE AND BASIS OF THE ACTION

1. This is an action for patent infringement under the patent laws of the United States, 35 U.S.C. § 1, *et seq.* GLOCK seeks damages, preliminary and permanent injunctive relief, and recovery of its reasonable costs and attorneys' fees.

2. Plaintiff GLOCK is the leading global manufacturer of pistols. GLOCK pistols are precisely engineered to meet the demanding specifications of military and law enforcement agencies worldwide, earning GLOCK a reputation for safety, durability, reliability, and ease of use. GLOCK invests tremendous resources in the technology and talent necessary to improve its products wherever possible, resulting in numerous inventions and innovations in the field of firearms and firearm accessories.

3. GLOCK and its affiliated entities' history of innovation in the field of firearms and firearm accessories has resulted in the issuance of approximately 40 U.S. patents on its industry-leading inventions and solutions, including, but not limited to, the catch device for the breech of a pistol disclosed in U.S. Patent No. 9,933,222 ("the '222 Patent").

///
///
///
///
///
///
///

- 1 -

[Image of the first page of U.S. Patent No. 9,933,222 B2, "Catch Device for the Breech of a Pistol," issued to Hirschheiter on Apr. 3, 2018, assigned to Glock Technology GmbH.]

A true and correct copy of the '222 Patent is attached hereto as Exhibit A.

4. GLOCK makes, offers for sale, and sells a number of pistols that practice one or more claims of the '222 Patent.

5. Polymer80 is a manufacturer, supplier, seller, and/or distributor of firearm kits and parts, including partially completed pistol "frames" or "blanks," and are commonly known as "ghost guns" or "80%" guns.

6. Polymer80 has made and continues to make, has used and continues to use, has offered for sale and continues to offer for sale, and has sold and continues to sell various "single stack" pistol frames designed to incorporate and sold with slide stop levers, including its "PF9SS Single Stack Blank" pistol frame and components in a variety of finishes, as discussed in more

detail below.

7. Polymer80 has offered for sale and sold, and continues to offer for sale and/or sell, the Accused Products in the United States for assembly and inclusion – as specifically made and directed by Polymer80 – by Polymer80's employees, distributors, dealers, and/or customers in completed pistols utilizing the pistol blanks and slide stop levers.

8. By making, using, offering for sale, selling, and/or importing the Accused Products, Polymer80 has indirectly infringed and continues to infringe one or more claims of the '222 Patent. Because of Polymer80's ongoing infringement, GLOCK seeks a preliminary injunction, a permanent injunction, and monetary damages with respect to sales of the Accused Products. Moreover, GLOCK respectfully submits that the present case is exceptional and that GLOCK is entitled to enhanced damages against Polymer80 and an award of its reasonable attorneys' fees and costs.

## THE PARTIES

9. Plaintiff GLOCK is a corporation organized and existing under the laws of the State of Georgia with its principal place of business at 6000 Highlands Parkway, Smyrna, GA 30082.

10. Upon information and belief Defendant Polymer80, is a Nevada corporation with its principal place of business located at 134 Lakes Boulevard, Dayton, Nevada 89403. Upon further information and belief, Polymer80 may be served by serving its Registered Agent Mark H. Gunderson at his registered address of 3895 Warren Way, Reno, Nevada 89505.

## JURISDICTION AND VENUE

11. This Court has jurisdiction over the subject matter of this action pursuant to 28 U.S.C. §§ 1331 and 1338(a) because this Complaint includes a cause of action for patent infringement under the patent laws of the United States, including, but not limited to, 35 U.S.C. §§ 271, 281, 283-285, and 287.

12. This Court has personal jurisdiction over Polymer80 at least because Polymer80 resides in this District, has transacted business in this District, has derived substantial revenue from goods offered for sale and/or sold in this District, and/or has established sufficient minimum contacts with the State of Nevada such that it is subject to the personal jurisdiction of this Court. Personal jurisdiction in Nevada over Polymer80 is also consistent with the requirements of due process.

13. Venue is proper in the Unofficial Northern Division of the United States District Court for the District of Nevada under 28 U.S.C. §§ 1391 and 1400(b) because Polymer80 resides in this District, has a regular and established place of business in this District located at 134 Lakes Boulevard Dayton, Nevada 89403, has committed acts of infringement in this District, and a substantial part of the events or omissions giving rise to the claims occurred in this District.

## GLOCK AND ITS PATENT RIGHTS

14. GLOCK and its affiliated entities have invested a substantial amount of time and resources designing, developing, and bringing new and innovative products to market in the firearms industry.

15. GLOCK and its affiliated entities have designed and developed a wide range of new and innovative firearm products, including a number of innovative firearm components and accessories specifically for pistols. In particular, GLOCK and its affiliated entites' research and development staff designed and developed a number of innovative pistol components practiced in its pistol products and are protected by Glock patents.

16. As a result of these efforts, GLOCK and its affiliate entities have been granted a U.S. patent on its innovative catch device for the breech of a pistol.

17. The '222 Patent, entitled "Catch Device for the Breech of a Pistol," was applied-for in an application filed on December 11, 2014, and was duly and legally issued by the United States

Patent and Trademark Office ("PTO") on April 3, 2018. *See* Exhibit A.

18. GLOCK is the owner by exclusive license of all right, title, and interest in the '222 Patent, including the right to make, use, offer for sale, sell, or import patented products and to enforce the '222 Patent.

19. GLOCK has commercialized one or more of the innovative designs disclosed in the '222 Patent in various of its pistols, such as the Model G43®, Model G43X®, and Model G48™," each in a variety of finishes and optics:




https://us.glock.com/en/Pistols

*See* Exhibit B.

20. Pursuant to 35 U.S.C. § 287(a), GLOCK has continuously and systematically marked its pistols that practice one or more claims of the '222 Patent with the marking "Pat. us.glock.com/patent" in conjunction with GLOCK's publicly-available virtual registry of covered pistols (e.g., https://us.glock.com/-/media/Global/US/old/US-Site/Virtual-Patent-Marking--Version-2-060319.ashx). *See* Exhibit C.

**POLYMER80'S INFRINGING CONDUCT**

21. Polymer80 has made and continues to make, has used and continues to use, has offered for sale and continues to offer for sale, and has sold and continues to sell various "PF9SS Single Stack Blank" pistol frame and components in a variety of finishes (the "Accused Products"), including the following Polymer80 products:

- 5 -

- PF9SS SINGLE STACK BLANK – BLK (SKU: P80-BKSS-BLK):



https://www.polymer80.com/-BKSS-BLK

- PF9SS SINGLE STACK BLANK – FDE (SKU: P80-BKSS-FDE):



https://www.polymer80.com/-BKSS-FDE

- PF9SS SINGLE STACK BLANK – GRY (SKU: P80-BKSS-GRY):



https://www.polymer80.com/-BKSS-GRY

- PF-SERIES RAIL KIT FOR THE SINGLE STACK PF9SS/BK9SS (SKU: P80-PF9SS-LBRS-RRM):



https://www.polymer80.com/PF-Series-Rail-Kit-for-the-9SS

*See* Exhibit D.

22. Upon information and belief, Polymer80 has known of and has had actual knowledge of the '222 Patent and/or that GLOCK's pistols were marked with or practiced one or more claims of the '222 Patent.

23. As discussed in more detail below, Polymer80's Accused Products have indirectly infringed and continue to indirectly infringe claims 1-4 of the '222 Patent by Polymer80's making, using, importing, selling, and/or offering to sell the Accused Products within the United

States for use in a completed pistol and without authority in violation of 35 U.S.C. §§ 271(b)-(c).

24.     Polymer80's employees, distributors and/or customers have directly infringed and continue to directly infringe, literally or under the doctrine of equivalents, claims 1-4 of the '222 Patent by, without authority, making and using completed pistols incorporating the Accused Products within the United States in violation of 35 U.S.C. § 271(a).

25.     Polymer80 has indirectly infringed and continues to indirectly infringe claims 1-4 of the '222 Patent within the United States by inducement under 35 U.S.C. § 271(b).  For example, Polymer80 has knowingly and intentionally induced users of the Accused Products to directly infringe claims 1-4 of the '222 Patent, *inter alia*, by:

    a. providing pistol blank kits including a slide stop lever and slide stop spring;

    b. providing pistol rail kits comprising a slide stop lever and slide stop spring;

    c. providing installation instructions on how to install and use the Accused Products in an infringing manner; and

    d. directing and encouraging the actions of employees, distributors, and/or customers to directly infringe.

26.     Polymer80 has indirectly infringed and continues to infringe claims 1-4 of the '222 Patent by contributing to the direct infringement of end users under 35 U.S.C. § 271(c) by providing the Accused Products, which were and are especially made for and used in a manner that infringes claims 1-4 of the '222 Patent, and that have no substantial non-infringing use.

27.     By such acts, Polymer80 has injured GLOCK and is thus liable to GLOCK for infringement of the '222 Patent pursuant to 35 U.S.C. § 271.

## COUNT I – INDUCED INFRINGEMENT OF THE '222 PATENT

28.     GLOCK incorporates and re-alleges the allegations contained in Paragraphs 1 through 27 above as if fully set forth herein.

- 8 -

29. Upon information and belief, prior to May of 2019, Polymer80 has known of GLOCK's patents and has had actual knowledge of the '222 Patent.

30. Polymer80 directed, instructed, and encouraged its employees, distributors, dealers, and/or customers to install and/or use the Accused Products in an infringing manner in its product packaging and product advertising, by providing support and technical assistance, and by providing installation instructions or instructional materials, among other acts.

31. When the Accused Products were or are used by Polymer80's employees, distributors, dealers, or customers in the manner instructed and directed by Polymer80, Polymer80's employees, distributors, dealers, or customers directly infringe one or more of claims 1-4 of the '222 Patent.

32. For example, an exemplary summary of direct infringement of claim 1 of the '222 Patent, when Polymer80's Accused Products are included in a completed pistol, is provided as follows:

   a. Feature 1:  When included in a completed pistol, the Accused Products provide for the pistol to have a catch device to retain a sliding carriage of the pistol;

   b. Feature 2:  When included in a completed pistol, the Accused Products provide for the pistol to have a holding lever and a compression spring between the upper claw and the lower claw of the spring;

   c. Feature 3:  When included in a completed pistol, the Accused Products provide for the holding lever to be mounted in the housing of the pistol and have a latch on the upper side of the lever and a handle on the lever; and

   d. Feature 4:  When included in a completed pistol, the Accused Products provide for the spring to bias the lever away from the sliding carriage, and for the holding lever to be moved counter to the bias when a final cartridge of a

- 9 -

magazine is fired.

33. Accordingly, Polymer80's Accused Products, when included in a completed pistol, result in direct infringement of one or more of claims 1-4 of the '222 Patent in violation of 35 U.S.C. § 271(a), and Polymer80 thereby indirectly infringes the '222 Patent by inducing infringement of the '222 Patent, pursuant to 35 U.S.C. § 271(b).

34. As a result of Polymer80's infringement of the '222 Patent, GLOCK has been damaged by Polymer80's unlawful conduct. GLOCK is entitled to recover damages pursuant to 28 U.S.C. § 284 adequate to compensate it for Polymer80's infringing activities in an amount to be determined at trial, but in no event less than a reasonable royalty.

35. Polymer80's infringement of the '222 Patent has injured and continues to injure GLOCK and will cause irreparable harm unless Polymer80 is enjoined from infringing the claims of the '222 Patent. Accordingly, GLOCK is entitled to temporary, preliminary, and/or permanent injunctive relief against Polymer80 from further induced infringement pursuant to 35 U.S.C. § 283.

36. Polymer80's past and continued induced infringement of the '222 Patent has been deliberate, willful, which warrants an award of treble damages and reasonable attorneys' fees to GLOCK pursuant to 28 U.S.C. §§ 284 & 285.

**COUNT II – CONTRIBUTORY INFRINGEMENT OF THE '222 PATENT**

37. GLOCK incorporates and re-alleges the allegations contained in Paragraphs 1 through 27 above as if fully set forth herein.

38. Upon information and belief, prior to May of 2019, Polymer80 has known of GLOCK's patents and has had actual knowledge of the '222 Patent.

39. Polymer80 has provided its employees, distributors, dealers, and/or customers with the Accused Products, which are essential to practice the invention of the '222 Patent. Polymer80

was and is aware that the Accused Products were and are especially made for or adapted for use in a manner that infringed and infringes one or more of claims 1-4 of the '222 Patent.

40. Polymer80 was and is aware that the Accused Products were and are not a staple article or commodity of commerce suitable for substantial non-infringing use, and had and have no substantial non-infringing use, in that the Accused Products can only be used in a manner that infringes the '222 Patent.

41. When the Accused Products are used by Polymer80's employees, distributors, and/or customers in a completed pistol, the Accused Products directly infringe one or more of claims 1-4 of the '222 Patent, as set forth above.

42. Accordingly, Polymer80 has indirectly infringed and continues to indirectly infringe the '222 Patent by contributing to infringement of the '222 Patent, pursuant to 35 U.S.C. § 271(c).

43. As a result of Polymer80's contributory infringement of the '222 Patent, GLOCK has been damaged by Polymer80's unlawful conduct. GLOCK is entitled to recover damages pursuant to 28 U.S.C. § 284 adequate to compensate it for Polymer80's infringing activities in an amount to be determined at trial, but in no event less than a reasonable royalty.

44. Polymer80's infringement of the '222 Patent has injured and continues to injure GLOCK and will cause irreparable harm unless Polymer80 is enjoined from contributorily infringing the claims of the '222 Patent. Accordingly, GLOCK is entitled to temporary, preliminary, and/or permanent injunctive relief against Polymer80 from further infringement pursuant to 35 U.S.C. § 283.

45. Upon information and belief, Polymer80's past and continued contributory infringement of the '222 Patent has been deliberate, willful, which warrants an award of treble damages and reasonable attorneys' fees to GLOCK pursuant to 28 U.S.C. §§ 284 & 285.

**PRAYER FOR RELIEF**

WHEREFORE, GLOCK prays that this Court enter judgment in favor of GLOCK and against Polymer80 as follows:

A. Entry of judgment that Polymer80 has indirectly infringed the '222 Patent pursuant to 35 U.S.C. § 271 (b) and/or (c);

B. An order that Polymer80 provide an accounting and pay to GLOCK damages in an amount adequate to compensate GLOCK for Polymer80's infringement of the '222 Patent, including damages for lost profits, but in no event less than a reasonable royalty, including up to treble damages for willful infringement pursuant to 35 U.S.C. § 284;

C. An order preliminarily and permanently enjoining Polymer80 and its respective agents, servants, officers, directors, employees, attorneys, affiliated companies, successors-in-interest, distributors, dealers, other reselling entity customers, and all those in active concert or participation with it, and all other parties properly enjoined by law, from infringing directly or indirectly, inducing others to directly infringe, and/or contributing to the infringement of the claims of the '222 Patent;

D. An order that this is an exceptional case under 35 U.S.C. § 285 meriting that GLOCK be awarded its costs, including its reasonable attorneys' fees and other expenses incurred in connection with this action; and,

E. Any other relief that the Court finds legal, just and equitable, as may be available under law or equity, and which the Court finds proper.

///

///

This 6th day of March, 2023.

                BROWNSTEIN HYATT FARBER SCHRECK, LLP

                By: */s/ Matthew D. Francis*
                Matthew D. Francis
                Arthur A. Zorio
                5520 Kietzke Lane, Suite 110
                Reno, Nevada 89511
                Telephone: 775-324-4100
                Fax:  775-333-8171
                Email: mfrancis@bhfs.com
                Email: azorio@bhfs.com

                Eric G. Maurer
                (*pro hac vice to be submitted*)
                Cynthia J. Lee
                (*pro hac vice to be submitted*)
                THOMAS | HORSTEMEYER, LLP
                3200 Windy Hill Road, Suite 1600E
                Atlanta, Georgia 30339
                Telephone: 770-933-9500
                Fax: 770-951-0933
                Email: e.maurer@thip.law
                Email: c.lee@thip.law

                John F. Renzulli
                (*pro hac vice to be submitted*)
                Peter V. Malfa
                (*pro hac vice to be submitted*)
                RENZULLI LAW FIRM, LLP
                One North Broadway, Suite 1005
                White Plains, New York 10601
                Telephone: 914-285-0700
                Fax: 914-285-1213
                Email: jrenzulli@renzullilaw.com
                Email: pmalfa@renzullilaw.com

                *Attorneys for Plaintiff GLOCK, Inc.*

## **DEMAND FOR TRIAL BY JURY**

GLOCK demands trial by jury of all issues so triable, pursuant to Rule 38 of the Federal Rules of Civil Procedure.

This 6th day of March, 2023.

                                  BROWNSTEIN HYATT FARBER SCHRECK, LLP

By: */s/ Matthew D. Francis*
Matthew D. Francis
Arthur A. Zorio
5520 Kietzke Lane, Suite 110
Reno, Nevada 89511
Telephone: 775-324-4100
Fax: 775-333-8171
Email: mfrancis@bhfs.com
Email: azorio@bhfs.com

Eric G. Maurer
(*pro hac vice to be submitted*)
Cynthia J. Lee
(*pro hac vice to be submitted*)
THOMAS | HORSTEMEYER, LLP
3200 Windy Hill Road, Suite 1600E
Atlanta, Georgia 30339
Telephone: 770-933-9500
Fax: 770-951-0933
Email: e.maurer@thip.law
Email: c.lee@thip.law

John F. Renzulli
(*pro hac vice to be submitted*)
Peter V. Malfa
(*pro hac vice to be submitted*)
RENZULLI LAW FIRM, LLP
One North Broadway, Suite 1005
White Plains, New York 10601
Telephone: 914-285-0700
Fax: 914-285-1213
Email: jrenzulli@renzullilaw.com
Email: pmalfa@renzullilaw.com

*Attorneys for Plaintiff GLOCK, Inc.*

**INDEX OF EXHIBITS**

| | | |
|---|---|---|
| A. | U.S. Patent No. 9,933,222 | 9 Pages |
| B. | Pages from Glock's website | 12 Pages |
| C. | Virtual Patent Marking of Glock® Products | 2 Pages |
| D. | Pages from Polymer80's website | 8 Pages |