Matthew D. Francis
Nevada Bar No. 6978
Arthur A. Zorio
Nevada Bar No. 6547
BROWNSTEIN HYATT FARBER SCHRECK, LLP
5520 Kietzke Lane, Suite 110
Reno, Nevada 89511
Telephone:  775-324-4100
Fax:  775-333-8171
Email:  mfrancis@bhfs.com
Email:  azorio@bhfs.com

Eric G. Maurer (GA Bar # 478199)
(*pro hac vice to be submitted*)
Cynthia J. Lee (GA Bar # 442999)
(*pro hac vice to be submitted*)
THOMAS | HORSTEMEYER, LLP
3200 Windy Hill Road, Suite 1600E
Atlanta, Georgia 30339
Telephone: 770-933-9500
Fax: 770-951-0933
Email: e.maurer@thip.law
Email: c.lee@thip.law

John F. Renzulli (NY Bar # 1931476)
(Admitted *pro hac vice*)
Peter V. Malfa (NY Bar # 5224720)
(Admitted *pro hac vice*)
RENZULLI LAW FIRM, LLP
One North Broadway, Suite 1005
White Plains, New York 10601
Telephone: 914-285-0700
Fax: 914-285-1213
Email: jrenzulli@renzullilaw.com
Email: pmalfa@renzullilaw.com

*Attorneys for Plaintiff GLOCK, Inc.*

# UNITED STATES DISTRICT COURT

## DISTRICT OF NEVADA

| | |
|---|---|
| GLOCK, INC., a Georgia corporation,<br><br>        Plaintiff,<br><br>v.<br><br>POLYMER80, INC., a Nevada corporation,<br><br>        Defendant. | Case No.: 3:23-cv-00086-MMD-CLB<br><br>**PLAINTIFF'S RESPONSE TO DEFENDANT POLYMER80, INC.'S REQUEST FOR EXTENSION OF TIME TO FILE RESPONSIVE PLEADING** |

BROWNSTEIN HYATT FARBER SCHRECK, LLP
5520 Kietzke Lane, Suite 110
Reno, NV 89511
Tel. 775-324-4100

25300618.1

Plaintiff GLOCK, INC. ("Glock") files this Response in opposition to Defendant POLYMER80, INC.'s ("Polymer80") Request for Extension of Time to File Responsive Pleading [ECF No. 12] (the "Extension Request") for the reasons set forth below and in the accompanying Declarations of Counsel in Support.

## I.      INTRODUCTION

The narrative that Polymer80 and its counsel are suggesting – that this is a routine request for an extension of time file an Answer to a Complaint – is nothing further from the truth. Glock's counsel's e-mails with Bob Ryan, Esq., who repeatedly advised that he had not been retained to serve as counsel for Polymer80 in this action, set forth the facts and circumstances of Polymer80's default and the reasons why Glock would not stipulate to the 30-day extension of time. As set forth below and in the accompanying Declarations: (a) Polymer80 had actual knowledge of Glock's patent infringement claims relative to its U.S. Patent No. 9,933,222 (the "'222 Patent") over six months prior to Glock's filing of its Complaint; (b) Glock's Complaint has been publicly reported on by several independent members of the firearm industry media and Polymer80 publicly acknowledged in writing that it had actual knowledge of this lawsuit within three days of Glock's service of the Summons and Complaint on Polymer80's registered agent (and legal counsel in prior actions); and (c) significantly, Polymer80 engaged in an extensive marketing campaign and flooded the market with new inventory of the Accused Products *after* it was served with the Summons and Complaint.

## II.      GLOCK IS ENTITLED TO ENTRY OF DEFAULT UNDER RULE 55(a)

Under Fed. Rule Civ. P. 55(a), the "clerk must enter [a] party's default" upon a showing by affidavit or otherwise that Polymer80 "has failed to plead or otherwise defend" against Glock's Complaint. While Glock could have requested entry of default on March 29, 2023 – and it remains ready and willing to seek entry of default– it extended the courtesy of notifying Polymer80 and its former counsel that it intended to seek default upon three-days' notice (ECF No. 11). While Polymer80 contends that Glock "was required to send" its Notice of Intent to Take Default pursuant to Nev. R. Prof. Conduct 3.5A (ECF No. 12 at 4), this Rule is inapplicable under these

circumstances because (a) Mr. Ryan repeatedly advised Glock's counsel that Polymer80 had not retained him to appear in this matter (Renzulli Decl. at ¶¶ 18, 22; Zorio Decl. at ¶ 3), and (b) Polymer80 admits that it did not retain Mr. Ryan until April 3, 2023. ECF No. 12 at 2 n.1. To the extent Rule 3.5A applies under these circumstances, it is of no consequence because Glock satisfied the rule by serving its three-day notice on both Mr. Ryan and Polymer80's registered agent, Mark H. Gunderson, Esq., who also previously served as Polymer80's counsel of record in this District. *See* ECF No. 11 at 4 (Certificate of Service); Renzulli Decl. at ¶ 2; *Polymer80, Inc. v. Glock, Inc., et al.*, Case No. 3:20-cv-00617-MMD-CLB (D. Nev.).

Nevertheless, the practical effect of Glock providing its Notice of Intent to Take Default was to afford Polymer80 five full calendar days to prepare and file a responsive pleading. Instead of utilizing that time to prepare a responsive pleading, and notwithstanding its preexisting knowledge of Glock's patent infringement claims, Polymer80 elected to prepare a full brief with two supporting declarations, thereby necessitating Plaintiff's response and judicial intervention.

As explained in detail below, the Extension Request is a fabricated attempt to establish excusable neglect as Polymer80 engaged in culpable conduct while it simultaneously resumed the active marketing, sale, and distribution of the Accused Products notwithstanding its knowledge of Glock's patent infringement claims and its obligation to respond to Glock's Complaint. Polymer80's culpable conduct goes beyond simple "neglect" and it should not be excused for its failure to timely file a responsive pleading under these circumstances. *Briones v. Riviera Hotel & Casino*, 116 F.3d 379 (9th Cir. 1997) (adopting the Supreme Court's test in *Pioneer Inv. Servs. Co. v. Brunswick Assocs. Ltd. Partnership*, 507 U.S. 380 (1993), and explaining that "neglect" in the context of "excusable neglect" has its "normal, expected meaning, i.e., negligence, carelessness, [and] inadvertent mistake…").

### III.   POLYMER80 DOES NOT HAVE A JUSTIFIABLE REASON FOR ITS DELAY AND IT HAS NOT ACTED IN GOOD FAITH

The history of the disputes between the parties starts earlier than the "first lawsuit" that Polymer80 filed against Glock in this District, and which it apparently seeks to highlight in its

BROWNSTEIN HYATT FARBER SCHRECK, LLP
5520 Kietzke Lane, Suite 110
Reno, NV 89511
Tel: 775-324-4100

Extension Request even though it was a trademark infringement action that has absolutely nothing to do with Polymer80's infringement of Glock's '222 Patent. (ECF No. 12 at 1 & ECF No. 12-2 at ¶ 4).   Indeed, in early 2020 Glock notified Polymer80 that certain of its products being manufactured at that time had violated Glock's famous trade dress. Renzulli Decl. at ¶ 2. This claim was amicably resolved pursuant to a settlement agreement. *Id.* Nevertheless, Polymer80 has recently breached this agreement, thereby necessitating further proceedings to bring Polymer80 into compliance. *Id.*

While Glock will respect the spirit of Rule 408 and refrain from publicly disclosing the substance of the parties' pre-suit settlement communications, Polymer80 and Mr. Ryan have been fully aware of the patent infringement claims that Glock alleges in the Complaint since at least September of 2022. Renzulli Decl. at ¶ 6. As set forth in the accompanying Declaration of John F. Renzulli, Glock endeavored to resolve this dispute in good faith over the six month period before it commenced this lawsuit. *Id.* at ¶¶ 6-10. Mr. Ryan served as Polymer80's sole representative for these discussions. *Id.* Throughout the six-month period, Glock's counsel was consistently forced to follow up with Mr. Ryan as Polymer80 repeatedly failed to provide timely responses and asserted disingenuous excuses for its delay, including, for example, a purported need to ensure consistency with a new ATF rule (Final Rule 2021R-05F) that has absolutely nothing to do with Polymer80's infringement of Glock's '222 Patent. *Id.* at ¶¶ 6-9. Ultimately, these discussions culminated with Glock being forced to prepare, file, and serve its Complaint to protect its intellectual property rights. *Id.* at ¶ 10.

No justifiable reason or excuse has been provided to Glock, or now to this Court, as to why Polymer80 needs a 30-day extension of time to file a responsive pleading. Upon receipt of Glock's Notice of Intent to Take Default (ECF No. 11), Mr. Ryan demanded that Glock provide a 30-day extension of time based solely on his mistaken belief that Polymer80 was not served and his representations that Polymer80 had not retained him as legal counsel in this action. Nevertheless, on March 30, 2023 Mr. Ryan informed Glock's local counsel, Arthur Zorio, that he had been aware of and had previously received a copy of Glock's Complaint. Zorio Decl. at ¶ 3.

BROWNSTEIN HYATT FARBER SCHRECK, LLP
5520 Kietzke Lane, Suite 110
Reno, NV 89511
Tel. 775-324-4100

BROWNSTEIN HYATT FARBER SCHRECK, LLP
5520 Kietzke Lane, Suite 110
Reno, NV 89511
Tel. 775-324-4100

Polymer80's contention that it did not know it had been served with the Complaint is belied by its admission that service was proper and effected on March 7, 2023. Kelley Decl. (ECF No. 12-2) at ¶ 6 ("Mr. Gunderson's firm was served with the Summons and Complaint on March 7, 2023 [and] [a]fter service, someone at Mr. Gunderson's law firm emailed and mailed me the Summons and Complaint.").

Furthermore, while Polymer80's Co-Founder and Chief Executive Officer ("CEO") Loran Kelley declares under oath that he "was unaware" that Glock even filed this lawsuit "until March 30, 2023," Kelley Decl. (ECF No. 12-2) at ¶ 5, Polymer80 clearly had actual knowledge of this lawsuit and it strains credulity for Mr. Kelley to attest otherwise. Not only has this lawsuit been widely reported in the news media, firearm industry publications, and video blogs (including one video published on March 8, 2023 with over 47,400 views and 1,104 comments), Renzulli Decl. at ¶ 12, but Polymer80's own customers were fully aware of its filing.

In fact, on March 10, 2023 – three days after the Complaint was served – Polymer80 responded to a customer's comment on its Instagram page acknowledging its knowledge of this lawsuit and stating that "[w]e are going to do our best to figure out what the disconnect is and make it right.":

*Id.* at ¶ 13.

- 4 -

BROWNSTEIN HYATT FARBER SCHRECK, LLP
5520 Kietzke Lane, Suite 110
Reno, NV 89511
Tel. 775-324-4100

Polymer80 is also no stranger to litigation and, contrary to Mr. Kelley's representation in his Declaration, it has personnel under its employ who are specifically responsible for legal and corporate compliance, including Mr. Chase Myers. Renzulli Decl. at ¶ 5. In the past three years alone Polymer80 has been a party to, or intervened in, over a dozen lawsuits filed in jurisdictions throughout the United States. *Id.* These lawsuits include, among others: (1) *Polymer80, Inc. v. Garland*, No. 4:23-cv-00029-O (N.D. Texas); (2) *Apolinar v. Polymer80, Inc.*, No. 21STCV29196 (Cal. Superior Ct., Los Angeles); (3) *Baltimore v. Polymer80, Inc.*, No. 24C22002482 (MD Circuit Ct., Baltimore City); (4) *People v. Polymer80, Inc.*, No. 21STCV06257 (Cal. Superior Ct., Los Angeles); (5) *California v. ATF, et al.*, No. 3:20-cv-06761 (N.D. Cal.); (6) *District of Columbia v. Polymer80, Inc.*, No. 2020 CA 02878 B, (D.C. Superior Ct.); (7) *Maxum Indemnity Co. v. Polymer80, Inc.*, No. 2:21-cv-05852-FLA-GJS (C.D. Cal.); (8) *O'Sullivan v. Ghost Gunner, Inc., et al.*, No. 34-2021-00302934-CU-PO-GDS (Cal. Superior Ct., Sacramento); (9) *Polymer80, Inc. v. Sisolak, et al.*, No. 21-CV-00690 (Nevada 3rd Judicial District); (10) *City of Syracuse, NY v. ATF, et al.*, No. 1:20-cv-06885-GHW (S.D.N.Y.); (11) *Polymer80, Inc. v. Indie Guns, LLC*, No. 6:2022-cv-00934 (M.D. Fla.); (12) *Polymer80, Inc. v. Glock, Inc., et al.*, No. 3:2020-cv-00617 (D. Nev.); (13) *The City of Buffalo v. Smith & Wesson Brands, Inc., et al.*, No. 2023-cv-00066 (W.D.N.Y.); (14) *The City Of Rochester v. Smith & Wesson Brands, Inc., et al.*, No. 6:2023-cv-06061 (W.D.N.Y.); (15) *VanDerStok v. Garland*, No. 4:2022-cv-00691 (N.D. Tex.); (16) *Sharp v. Polymer80, Inc.*, No. 7:2023-cv-00033 (M.D. Ga.); and others.

## IV.    PREJUDICE TO GLOCK

Notwithstanding Polymer80's assertion that "it intended to defend itself *if a resolution could not be reached*," (ECF No. 12 at 4) (emphasis added), its conduct prior to Glock's service of its Notice of Intent to Take Default (ECF No. 11) indicates otherwise. Glock drove the efforts to potentially resolve this dispute prior to its filing of the Complaint, however a pattern and practice emerged with Polymer80 consistently and repeatedly delaying its responses to Glock's proposals. *See*, *e.g.*, Renzulli Decl. at ¶¶ 6-10. While the reasons for the delay were unclear at the time the

Brownstein Hyatt Farber Schreck, LLP
5520 Kietzke Lane, Suite 110
Reno, NV 89511
Tel. 775-324-4100

1  parties were negotiating, Polymer80's pattern of repeated delays culminated in its resumption of its

2  marketing, sale, and distribution of the Accused Products effective March 20, 2023. *Id.* at ¶ 14.

3        In a series of posts and comments on social media, Polymer80 explained that it secured a

4  preliminary injunction that prohibited the ATF from enforcing, among other things, Final Rule

5  2021R-05F. According to Polymer80's press release on March 20, 2023, the injunction order

6  "allow[s] [it] to resume selling and shipping our quality pistol frame kits…", which include the

7  accused PF9SS single-stack products. Renzulli Decl. at ¶ 14. As of at least March 21, 2023 and

8  continuing to-date, Polymer80 has solicited and obtained customer purchasers for pre-orders of its

9  entire product line. which included the accused PF9SS single-stack products until at least April 3,

10  2023. *Id.* at ¶ 15. On March 29, 2023, Polymer80 published on its Facebook and Instagram accounts

11  images of Accused Products being packaged for shipment with the caption, "PF9SS frame kits

12  shipping out early![]."



24  *Id.* at ¶ 16.

25  Within three days, on March 31, 2023, Polymer80 reported on its Twitter account (and in its

26  responses to certain individual customer comments on its Instagram account) that it had sold out

27  its new inventory of the Accused Products, specifically: "Single stacks are out of stock right now.

28

Hopefully they'll be back soon! Make sure you are signed up for our emails so you don't miss any more announcements! [link omitted]":



*Id.* at ¶ 20.

On March 31, 2023 and April 1, 2023, Glock's counsel informed Mr. Ryan of Polymer80's resumed efforts to market, sell, and distribute the Accused Products and advised that these circumstances were among the factors that Glock considered in its refusal to consent to the requested 30-day extension of time for Polymer80 to file a responsive pleading. Renzulli Decl. at ¶¶ 21-23. However, by filing the instant Extension Request in lieu of a responsive pleading, Polymer80 and its counsel seemingly refuse to acknowledge that its latest distribution of the Accused Products prejudiced Glock, or at minimum creates a danger of prejudice to Glock. Polymer80's ongoing failure to serve a responsive pleading should not be rewarded under these circumstances.

## V.    CONCLUSION

Ultimately, Polymer80 has failed to establish excusable neglect for its refusal to timely file a responsive pleading under the facts and circumstances described above and in the supporting Declarations. Accordingly, Glock respectfully requests that Polymer80's Request for Extension of Time to File Responsive Pleading be denied and for such other and further relief that the Court may deem just and proper.

DATED: This 4th day of April, 2023.          BROWNSTEIN HYATT FARBER SCHRECK, LLP

By: */s/ Matthew D. Francis*
Matthew D. Francis
Arthur A. Zorio

BROWNSTEIN HYATT FARBER SCHRECK, LLP
5520 Kietzke Lane, Suite 110
Reno, NV 89511
Tel. 775-324-4100

5520 Kietzke Lane, Suite 110
Reno, Nevada 89511
Telephone: 775-324-4100
Fax:  775-333-8171
Email: mfrancis@bhfs.com
Email: azorio@bhfs.com

Eric G. Maurer
(*pro hac vice to be submitted*)
Cynthia J. Lee
(*pro hac vice to be submitted*)
THOMAS | HORSTEMEYER, LLP
3200 Windy Hill Road, Suite 1600E
Atlanta, Georgia 30339
Telephone: 770-933-9500
Fax: 770-951-0933
Email: e.maurer@thip.law
Email: c.lee@thip.law

John F. Renzulli
(Admitted *pro hac vice*)
Peter V. Malfa
(Admitted *pro hac vice*)
RENZULLI LAW FIRM, LLP
One North Broadway, Suite 1005
White Plains, New York 10601
Telephone: 914-285-0700
Fax: 914-285-1213
Email: jrenzulli@renzullilaw.com
Email: pmalfa@renzullilaw.com

*Attorneys for Plaintiff GLOCK, Inc.*

- 8 -

1

## <u>CERTIFICATE OF SERVICE</u>

Pursuant to FRCP 5(b), I certify that I am an employee of BROWNSTEIN HYATT

FARBER SCHRECK, LLP, and on this 4th day of April, 2023, I served the document entitled,

**PLAINTIFF'S RESPONSE TO DEFENDANT POLYMER80, INC.'S REQUEST FOR**

**EXTENSION OF TIME TO FILE RESPONSIVE PLEADING**, on counsel of record

through the CM/ECF system.

                                      */s/    Jeff Tillison*

                                      Employee of Brownstein Hyatt Farber
                                      Schreck, LLP

**BROWNSTEIN HYATT FARBER SCHRECK, LLP**
5520 Kietzke Lane, Suite 110
Reno, NV 89511
Tel. 775-324-4100

- 9 -