UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

\* \* \*

| | |
|---|---|
| GLOCK, INC.,<br><br>                Plaintiff,<br><br>v.<br><br>POLYMER80, INC.,<br><br>                Defendants. | Case No. 3:23-CV-00086-MMD-CLB<br><br>**ORDER GRANTING EXTENSION OF TIME TO FILE RESPONSIVE PLEADING**<br><br>[ECF No. 12] |

Currently pending before the Court is Plaintiff Polymer80, Inc.'s ("Polymer80") motion to extend time to file a responsive pleading to Defendant Glock, Inc.'s ("Glock") complaint. (ECF No. 12.) Glock filed an opposition, (ECF No. 14.), and Polymer80 replied. (ECF No. 23.) For the reasons stated below, the Court grants Polymer80's motion extension of time.

**I.     BACKGROUND**

On March 6, 2023, Glock filed a complaint against Polymer80 alleging patent infringement claims. (ECF No. 1.) The next day, Glock served the summons and complaint on a registered agent for Polymer80. (ECF No. 6.) Polymer80 admits that its CEO received the documents in an email but claims no one in the company saw the document until after the deadline. (ECF No. 12 at 4, ECF No. 12-2 at 2.) Polymer80 did not file a responsive pleading by the deadline of March 28, 2023. On March 29, 2023, Glock filed a notice of intent to take default. (ECF No. 11.) Polymer80 states they were unaware of the summons and complaint until they received the notice of intent to take default. (ECF No. 12 at 2.) The parties did not agree on a stipulation to extend time and Polymer80 filed the instant motion. (*Id.*) On April 3, 2023, Polymer80 filed the instant motion requesting a 30-day extension of time to file a responsive pleading.[1] (*Id.*)

---

[1]     In their reply, Polymer80 requests an extension of time beyond that originally

## II.  DISCUSSION

Federal Rule of Civil Procedure 6(b)(1) governs extensions of time and states:

> When an act may or must be done within a specified time, the court may, for good cause, extend the time: (A) with or without motion or notice if the court acts, or if a request is made, before the original time or its extension expires; or (B) on motion made after the time has expired if the party failed to act because of excusable neglect.

In this case, the instant motion was filed after the deadline to file a responsive motion. Therefore, the Court may only grant the requested extension if the Court finds Polymer80 failed to act because of excusable neglect. The "determination of whether neglect is excusable is an equitable one that depends on at least four factors: (1) the danger of prejudice to the opposing party; (2) the length of the delay and its potential impact on the proceedings; (3) the reason for the delay; and (4) whether the movant acted in good faith." *Bateman v. U.S. Postal Serv.*, 231 F.3d 1220, 1223-24 (9th Cir. 2000) (citing *Pioneer Inv. Servs. Co. v. Brunswick Assocs. Ltd. P'ship*, 507 U.S. 380, 395 (1993)). The factors are not exclusive, but they "provide a framework with which to determine whether missing a filing deadline constitutes 'excusable' neglect." *See Briones v. Riviera Hotel & Casino*, 116 F.3d 379, 381 (9th Cir. 1997). The Court should "examine all of the circumstances involved rather than holding that any single circumstance in isolation compels a particular result regardless of the other factors." *Id.* at 382 n. 2*; see also Bateman*, 231 F.3d at 1224. The "clear trend" in the Ninth Circuit is to afford the movant more lenience when applying the *Pioneer* factors. *Newcomb v. Cambridge Home Loans, Inc.*, No. CV 09-00567 DAE-KSC, 2011 WL 2518706, at *2 (D. Haw. June 23, 2011) (citations omitted). Each factor will be addressed in turn.

First, the Court will address the danger of prejudice to Glock. Here, the prejudice is low to Glock because "at most, they would have won a quick but unmerited victory, the loss of which we do not consider prejudicial." *Ahanchian v. Xenon Pictures, Inc.*, 624 F.3d

---

requested. (ECF No. 23 at 1.) The Court will not consider this request because it is improper to raise arguments for the first time in a reply brief. *See Lujan v. National Wildlife Federation*, 497 U.S. 871, 894–95 (1990).

1253 (9th Cir. 2010) (citing *Bateman*, 231 F.3d at 1225). Glock alleges that Polymer80 is using the delay to continue market and sell products contained in the lawsuit. (ECF No. 14 at 1, 5-8.) However, a thirty-day delay in filing a response to the lawsuit will not substantially increase the potential harm in Polymer80's sale of an item with a contested patent status.

Turning to the second factor, the Court finds that the length of delay and potential impact on the proceedings is minimal. The motion to extend time was filed on April 3, 2023 – only seven days after the deadline to file a responsive motion. (ECF No. 12.) That delay is not long enough to weigh in favor of denying the motion. *See Bateman*, 231 F.3d at 1225 (finding that a delay of a little more than one month was insufficient to justify denying relief).

As to the third factor, the reason for delay also weighs in favor of granting the motion. It is true that Polymer80 participated in a lawsuit with Glock nine months prior to the initiation of the lawsuit and is therefore aware of the seriousness with which to approach legal deadlines. (ECF No. 12 at 2.) However, Polymer80 provides a sworn statement from its CEO stating he became aware of the service of the complaint two days after the deadline and no other person at the company was aware the registered agent had been served until receiving the notice of intent to take default on March 29, 2023. (ECF No. 12-2 at 2.) Because "excusable neglect" covers cases of negligence, carelessness and inadvertent mistake, this factor weighs in favor of granting an extension. *Bateman*, 231 F.3d at 1224.

Finally, the Court turns to whether Polymer80 acted in good faith. Acting with good faith includes "errors resulting from negligence and carelessness, not from deviousness or willfulness." *Id.* at 1225. In their opposition, Glock presents evidence that Polymer80 was aware of the lawsuit prior to being served with the notice of intent to take default. (*See* ECF No. 14.) However, Polymer80 provides sworn statements from both their CEO and counsel claiming the opposite. (*See* ECF Nos. 12-1, 12-2.) Polymer80's counsel, Robert Ryan ("Ryan"), states that he was unaware of the compliant and summons until

receiving the notice of intent to take default. (ECF No. 12-1 at 3-4.) Ryan also explains the steps that were taken to remedy the situation after realizing what had happened, including contacting Glock multiple times to clarify the situation and ask for a stipulation for extension of time. (*Id.* at 3-5.) Within two days of receiving the notice of intent to take default – four days after the deadline passed – Ryan asked Glock to stipulate to an extension of time, to which they refused. (*Id.* at 4-5.) Given the effort incurred after receiving the notice of intent, the speed with which Polymer80 acted to file the instant motion, and the Ninth Circuit's emphasis on leniency in evaluating the *Pioneer* factors, the Court cannot find that Polymer80 acted deviously or willfully in missing the deadline. *Newcomb*, 2011 WL 2518706, at *2; *see also Bateman*, 231 F.3d at 1225.

Because the Court should "examine all of the circumstances involved rather than holding that any single circumstance in isolation compels a particular result regardless of the other factors," the Court finds that the entirety of the circumstances weigh in favor of finding excusable neglect and the motion should be granted. *Briones*, 116 F.3d at 382 n. 2; *see also Bateman*, 231 F.3d at 1224.

In addition to the above factors, however, the Court also considers the impact of refusing the grant the requested extension. Here, Glock filed a notice of default when Polymer80 failed to file a responsive pleading. (ECF No. 11.) If the Court refuses to grant the extension, Glock intends to seek a default in this case. However, as a matter of policy, default judgements are disfavored. *Eitel v. McCool*, 782 F.2d 1470, 1472 (9th Cir. 1985). Rather, courts strongly favor resolution of disputes on their merits. *Id.* (citing *Pena v. Seguros La Comercial, S.A.*, 770 F.2d 811, 814 (9th Cir. 1985)). "Judgment by default is a drastic step appropriate only in extreme circumstances." *U.S. v. Signed Pers. Check No. 730 of Yubran S. Mesle*, 615 F.3d 1085, 1091 (9th Cir. 2010) (quoting *Falk v. Allen*, 739 F.2d 461, 463 (9th Cir. 1984)). Here, the reason for delay, missing an important email in a crowded inbox, is not an extreme circumstance. Therefore, in addition to the factors described above, the Court the Court finds that Polymer80's motion should be granted based on the policy of hearing cases on their merits.

For all of these reasons provided, the Court grants Polymer80's motion for extension of time.

### III.   CONCLUSION

For the above reasons, Polymer80's motion to extend time, (ECF No. 12), is **GRANTED**.

**IT IS THEREFORE ORDERED** that Polymer80's answer or other response Glock's complaint is due on or before Wednesday, May 3, 2023.

**IT IS SO ORDERED.**

DATED:   April 21, 2023   .

_____
**UNITED STATES MAGISTRATE JUDGE**