ADAM R. FULTON, ESQ.
Nevada Bar No. 11572
E-mail: afulton@jfnvlaw.com
TOD R. DUBOW, ESQ.
Nevada Bar No. 7323
E-mail: tdubow@jfnvlaw.com
**JENNINGS & FULTON, LTD.**
2580 Sorrel Street
Las Vegas, Nevada 89146
Telephone: (702) 979-3565
Facsimile: (702) 362-2060

*Attorneys for Defendant*

### UNITED STATES DISTRICT COURT

### DISTRICT OF NEVADA

| | |
|---|---|
| GLOCK, INC. a Georgia corporation, | CASE NO.:   3:23-cv-00086 |
| Plaintiff, | DEPT. NO.: |
| vs. | |
| POLYMER80, INC., a Nevada corporation, | **ANSWER TO COMPLAINT FOR PATENT INFRINGMENT** |
| Defendant. | **(JURY DEMAND)** |

Defendant POLYMER80, INC, by and through their attorneys of record, ADAM R. FULTON, ESQ. and TOD R. DUBOW, ESQ., of the law firm of JENNINGS & FULTON, LTD., hereby submits its answer as follows:

### NATURE AND BASIS OF ACTION

1.     Admit.

2.     Admit that Glock is *one* of the leading global manufacturers of pistols. Denied as to the rest on the ground that the allegations are opinions of marketing nature and thus inappropriate for answering.  To the extent they are deemed proper to answer Defendant

does not have sufficient knowledge or information or belief to admit or deny despite a reasonable inquiry.

3.   Admit that patent U.S. Patent No. 9,933,222 ("the '222 Patent") was issued, but denied as to the rest on the ground that the allegations are self-serving opinions and thus inappropriate for answering.  To the extent they are deemed proper to answer Defendant does not have sufficient knowledge or information or belief to admit or deny despite a reasonable inquiry.

4.   Defendant does not have sufficient knowledge or information or belief to admit or deny despite a reasonable inquiry.

5.   Defendant admits that it manufactures, supplies and sells firearm kits and parts, including pistol blanks, commonly known as "80% blanks," but denies the remaining allegations.

6.   Defendant admits that it once manufactured and offered for sale a PF9SS single stack blank model in a variety of finishes but denies that it continues to do so, and also denies the remaining allegations in paragraph 6.

7.   Defendant objects on the ground that the term "Accused Products" is not defined in this paragraph and is vague as to time.  Without waiving these objections, if Plaintiff is referring to the definition of Accused Products in paragraph 21 of the complaint, Defendant denies the allegations on the ground that Plaintiff is mischaracterizing the product, how it is sold, and is including components not related to Plaintiff's patent.

8.   Denied.

**THE PARTIES**

9.   Admit.

10.   Admit.

JENNINGS & FULTON, LTD.
2580 SORREL STREET
LAS VEGAS, NEVADA 89146
TELEPHONE 702 979 3565 ♦ FAX 702 362 2060

**JURISDICTION AND VENUE**

11.     Admit.

12.     Admit.

13.     Admit that venue is proper, but denied as to the allegation that infringement has occurred as alleged in the Complaint.

**GLOCK AND ITS PATENT RIGHTS**

14.     Defendant does not have sufficient knowledge or information or belief to admit or deny despite a reasonable inquiry.

15.     Defendant does not have sufficient knowledge or information or belief to admit or deny despite a reasonable inquiry.

16.     Admit that patent U.S. Patent No. 9,933,222 ("the '222 Patent") was issued, but denied as to the rest on the ground that the allegations are self-serving opinions of marketing nature and thus inappropriate for answering.  To the extent they are deemed proper to answer Defendant does not have sufficient knowledge or information or belief to admit or deny despite a reasonable inquiry.

17.     Defendant does not have sufficient knowledge or information or belief to admit or deny despite a reasonable inquiry.

18.     Defendant does not have sufficient knowledge or information or belief to admit or deny despite a reasonable inquiry.

19.     Defendant does not have sufficient knowledge or information or belief to admit or deny despite a reasonable inquiry.

20.     Defendant does not have sufficient knowledge or information or belief to admit or deny despite a reasonable inquiry.

/ / /

JENNINGS & FULTON, LTD.
2580 SORREL STREET
LAS VEGAS, NEVADA 89146
TELEPHONE 702.979.3565 ♦ FAX 702.362.2060

1

**POLYMER80'S INFRINGING CONDUCT**

2

    21.    Defendant objects on the ground that the term "Accused Products" is vague

3

as to time and the products accused, mischaracterizes the products and the manner in which

4

they are sold, and includes a product that is unrelated to Plaintiff's patent.  Without waiving

5

these objections, the allegations are denied.

6

    22.    Defendant objects as the allegations are vague as to when Defendant had

7

knowledge of the 222 Patent.  Without waiving the objections Defendant denies.

8

    23.    Defendant objects on the ground that the term "Accused Products" is vague

9

as to time and the products accused, mischaracterizes the products and the manner in which

10

they are sold, and includes a product that is unrelated to Plaintiff's patent.  Without waiving

11

these objections, the allegations are denied.

12

    24.    Defendant objects on the ground that the term "Accused Products" is vague

13

as to time and the products accused, mischaracterizes the products and the manner in which

14

they are sold, and includes a product that is unrelated to Plaintiff's patent.  Without waiving

15

these objections, the allegations are denied.

16

    25.    Defendant objects on the ground that the term "Accused Products" is vague

17

as to time and the products accused, mischaracterizes the products and the manner in which

18

they are sold, and includes a product that is unrelated to Plaintiff's patent.  Without waiving

19

these objections, the allegations are denied.

20

    26.    Defendant objects on the ground that the term "Accused Products" is vague

21

as to time and the products accused, mischaracterizes the products and the manner in which

22

they are sold, and includes a product that is unrelated to Plaintiff's patent.  Without waiving

23

these objections, the allegations are denied.

24

    27.    Denied.

25
26
27
28

JENNINGS & FULTON, LTD.
2580 SORREL STREET
LAS VEGAS, NEVADA 89146
TELEPHONE 702 979 3565 ♦ FAX 702 362 2060

## COUNT I – INDUCED INFRINGEMENT OF THE '222 PATENT

28.     Defendant incorporates its answers and objections contained in Paragraphs 1 through 27 above.

29.     Denied.

30.     Defendant objects on the ground that the term "Accused Products" is vague as to time and the products accused, mischaracterizes the products and the manner in which they are sold, and includes a product that is unrelated to Plaintiff's patent.  Without waiving these objections, the allegations are denied.

31.     Defendant objects on the ground that the term "Accused Products" is vague as to time and the products accused, mischaracterizes the products and the manner in which they are sold, and includes a product that is unrelated to Plaintiff's patent.  Without waiving these objections, the allegations are denied.

32.     Defendant objects on the ground that the term "Accused Products" is vague as to time and the products accused, mischaracterizes the products and the manner in which they are sold, and includes a product that is unrelated to Plaintiff's patent.  Without waiving these objections, the allegations are denied.

33.      Defendant objects on the ground that the term "Accused Products" is vague as to time and the products accused, mischaracterizes the products and the manner in which they are sold, and includes a product that is unrelated to Plaintiff's patent.  Without waiving these objections, the allegations are denied.

34.     Denied.

35.     Denied.

36.     Denied.

/ / /

JENNINGS & FULTON, LTD.
2580 SORREL STREET
LAS VEGAS, NEVADA 89146
TELEPHONE 702.979.3565 ♦ FAX 702.362.2060

## COUNT II – CONTRIBUTORY INFRINGEMENT OF THE '222 PATENT

37. GLOCK incorporates and re-alleges the allegations contained in Paragraphs 1 through 36 above as if fully set forth herein.

38. Denied.

39. Defendant objects on the ground that the term "Accused Products" is vague as to time and the products accused, mischaracterizes the products and the manner in which they are sold, and includes a product that is unrelated to Plaintiff's patent. Without waiving these objections, the allegations are denied.

40. Defendant objects on the ground that the term "Accused Products" is vague as to time and the products accused, mischaracterizes the products and the manner in which they are sold, and includes a product that is unrelated to Plaintiff's patent. Without waiving these objections, the allegations are denied.

41. Defendant objects on the ground that the term "Accused Products" is vague as to time and the products accused, mischaracterizes the products and the manner in which they are sold, and includes a product that is unrelated to Plaintiff's patent. Without waiving these objections, the allegations are denied.

42. Denied.

43. Denied.

44. Denied.

45. Denied.

## PLAINTIFF'S PRAYER FOR RELIEF

Defendant denies that Plaintiff is entitled to relief of any kind, on its claims or otherwise.

/ / /

JENNINGS & FULTON, LTD.
2580 SORREL STREET
LAS VEGAS, NEVADA 89146
TELEPHONE 702 979 3565 ♦ FAX 702 362 2060

**AFFIRMATIVE DEFENSES**

Defendant alleges the following affirmative defenses. Defendant reserves the right to amend its Answer to add additional defenses and counterclaims consistent with the facts discovered in the case.

**FIRST AFFIRMATIVE DEFENSE**

(Failure to State a Claim)

46. The complaint for Patent Infringement is vague and indefinite as to time and as to "Accused Products" and thus fails to state a claim for which relief may be granted.

**SECOND AFFIRMATIVE DEFENSE**

(Non-Infringement)

47. Defendant objects on the ground that the term "Accused Products" is vague as to time and the products accused, mischaracterizes the products and the manner in which they are sold, and includes a product that is unrelated to Plaintiff's patent. Without waiving these objections, Defendant asserts the affirmative defense that the Accused Products do not infringe on Plaintiff's patent.

**THIRD AFFIRMATIVE DEFENSE**

(No Injunctive Relief)

48. Plaintiff's claim for injunctive relief is barred because there exists an adequate remedy at law, the accusations of infringement are vague as to time and as to the accused products, and Plaintiff's claims otherwise fail to meet the requirements for such relief.

/ / /

/ / /

/ / /

/ / /

JENNINGS & FULTON, LTD.
2580 SORREL STREET
LAS VEGAS, NEVADA 89146
TELEPHONE 702 979 3565 ◆ FAX 702 362 2060

## FOURTH AFFIRMATIVE DEFENSE

### (Estoppel)

49.     Plaintiff's claims of infringement are barred, in whole or in part, by the doctrines of estoppel, waiver, acquiescence, release and/or consent, including equitable estoppel, judicial estoppel and/or prosecution history estoppel.

## FIFTH AFFIRMATIVE DEFENSE

### (Statutory Limitation on Damages)

50.     Plaintiff's complaint is vague as to time.  The claims are barred, under 35 U.S.C. § 286, from recovering damages for any alleged infringement of the that occurred more than six years prior to the filing of the Complaint.

## SIXTH AFFIRMATIVE DEFENSE

### (Failure to Mark)

51.     To the extent Plaintiff failed to properly mark any of its relevant products as required by 35 U.S.C. § 287 or otherwise give proper notice that Defendant's actions allegedly infringed the subject patents, Defendant is not liable for the acts alleged to have been performed before they received actual notice that they were allegedly infringing the alleged patents.

## SEVENTH AFFIRMATIVE DEFENSE

### (No Willfulness)

52.     Defendant is not willfully infringing and has not willfully infringed on any valid and enforceable patent of Plaintiff.

WHEREFORE,  Defendant prays:

1.   That Plaintiff take nothing by way of its complaint;

2.   That judgment be entered in favor of Defendant; and

JENNINGS & FULTON, LTD.
2580 SORREL STREET
LAS VEGAS, NEVADA 89146
TELEPHONE 702 979 3565 ♦ FAX 702 362 2060

3.   That defendant be awarded its attorneys' fees and costs.

## JURY DEMAND

Defendant hereby demands that all claims or causes of action raised in this Answer be tried by a jury to the fullest extent possible under the United States and State of Nevada Constitutions, statutes, and laws.

DATED: May 3rd, 2023                            **JENNINGS & FULTON, LTD.**

By:      */s/ Adam R. Fulton, Esq.*
                                 ADAM R. FULTON, ESQ.
                                 Nevada Bar No. 11572
                                 E-mail:  afulton@jfnvlaw.com
                                 TOD R. DUBOW, ESQ.
                                 Nevada Bar No. 7323
                                 E-mail: tdubow@jfnvlaw.com
                                 2580 Sorrel Street
                                 Las Vegas, Nevada 89146
                                 Telephone: (702) 979-3565
                                 Facsimile: (702) 362-2060
                                 *Attorneys for Defendant*