1  Matthew D. Francis
   Nevada Bar No. 6978
2  Arthur A. Zorio
   Nevada Bar No. 6547
3  BROWNSTEIN HYATT FARBER SCHRECK, LLP
   5520 Kietzke Lane, Suite 110
4  Reno, Nevada 89511
   Telephone:  775-324-4100
5  Fax:  775-333-8171
   Email:  mfrancis@bhfs.com
6  Email:  azorio@bhfs.com

7  Eric G. Maurer (GA Bar # 478199)
   (Admitted *pro hac vice*)
8  Cynthia J. Lee (GA Bar # 442999)
   (Admitted *pro hac vice*)
9  THOMAS | HORSTEMEYER, LLP
   3200 Windy Hill Road, Suite 1600E
10 Atlanta, Georgia 30339
   Telephone: 770-933-9500
11 Fax: 770-951-0933
   Email: e.maurer@thip.law
12 Email: c.lee@thip.law

13 John F. Renzulli (NY Bar # 1931476)
   (Admitted *pro hac vice*)
14 Peter V. Malfa (NY Bar # 5224720)
   (Admitted *pro hac vice*)
15 RENZULLI LAW FIRM, LLP
   One North Broadway, Suite 1005
16 White Plains, New York 10601
   Telephone: 914-285-0700
17 Fax: 914-285-1213
   Email: jrenzulli@renzullilaw.com
18 Email: pmalfa@renzullilaw.com

19 *Attorneys for Plaintiff GLOCK, Inc.*

20
21                    **UNITED STATES DISTRICT COURT**
22                          **DISTRICT OF NEVADA**

| | |
|---|---|
| 23  GLOCK, INC., a Georgia corporation, | Case No.: 3:23-cv-00086-MMD-CLB |
| 24             Plaintiff, | **JOINT PROPOSED DISCOVERY PLAN AND SCHEDULING ORDER** |
| 25  v. | |
| 26  POLYMER80, INC., a Nevada corporation, | **SPECIAL SCHEDULING REVIEW REQUESTED FOR A PATENT CASE** |
| 27             Defendant. | |

28

Pursuant to Federal Rule of Civil Procedure 26(f), Local Rule 26-1, Patent Local Rules 16.1-1, *et seq.*, and the Court's Order to File Case Management Report (ECF No. 27), the respective parties hereby submit to the Court the following proposed Discovery Plan and Scheduling Order:

**1. PRELIMINARY STATEMENT:**

The parties held a Rule 26(f) Conference via telephone on **June 8, 2023**.**

The following counsel attended the Conference on behalf of plaintiff GLOCK, Inc.:

> Matthew D. Francis
> BROWNSTEIN HYATT FARBER SCHRECK, LLP
> 5520 Kietzke Lane, Suite 110
> Reno, Nevada 89511
> Tel: 775-324-4100
>
> Eric G. Maurer
> THOMAS | HORSTEMEYER, LLP
> 3200 Windy Hill Road, Suite 1600E
> Atlanta, Georgia 30339
> Tel: 770-933-9500
>
> John F. Renzulli
> Peter V. Malfa
> RENZULLI LAW FIRM, LLP
> One North Broadway, Suite 1005
> White Plains, New York 10601
> Tel: 914-285-0700

The following counsel attended the Conference on behalf of defendant Polymer80, Inc.:

> Adam R. Fulton
> Tod R. Dubow
> JENNINGS & FULTON, LTD.
> 2580 Sorrel Street
> Las Vegas, Nevada 89146
> Tel: (702) 979-3565

** On June 16, 2023 the Court granted the parties' stipulation and stayed all deadlines for thirty (30) days for purposes of settlement negotiations (ECF No. 34). As such, the deadlines proposed below are based upon an initial scheduling conference date of July 17, 2023.

## 2. SHORT STATEMENT OF THE CASE

### A. Plaintiff's Contentions

This is an action for patent infringement under 35 U.S.C. § 1, *et seq.* Plaintiff GLOCK, Inc. ("GLOCK") seeks damages, preliminary and permanent injunctive relief, and recovery of its reasonable costs and attorneys' fees arising out of defendant Polymer80, Inc.'s ("Polymer80") infringement of GLOCK's U.S. Patent No. 9,933,222 ("the '222 Patent").

GLOCK is the leading global manufacturer of pistols. GLOCK pistols are precisely engineered to meet the demanding specifications of military and law enforcement agencies worldwide, earning GLOCK a reputation for safety, durability, reliability, and ease of use. GLOCK invests tremendous resources in the technology and talent necessary to improve its products wherever possible, resulting in numerous inventions and innovations in the field of firearms and firearm accessories. GLOCK and its affiliated entities' history of innovation in the field of firearms and firearm accessories has resulted in the issuance of approximately 40 U.S. patents on its industry-leading inventions and solutions, including, but not limited to, the catch device for the breech of a pistol disclosed in the '222 Patent. GLOCK makes, offers for sale, and sells a number of pistols that practice one or more claims of the '222 Patent.

Polymer80 is a manufacturer, supplier, seller, and/or distributor of firearm kits and parts, including partially completed pistol "frames" or "blanks," and are commonly known as "ghost guns" or "80%" guns. Polymer80 has made and continues to make, has used and continues to use, has offered for sale and continues to offer for sale, and has sold and continues to sell various "single stack" pistol frames designed to incorporate and sold with slide stop levers, including its "PF9SS Single Stack Blank" pistol frame and components in a variety of finishes (the "Accused Products" as set forth in greater detail in the Complaint).

Polymer80 has offered for sale and sold, and continues to offer for sale and/or sell, the Accused Products in the United States for assembly and inclusion – as specifically made and directed by Polymer80 – by Polymer80's employees, distributors, dealers, and/or customers in completed pistols utilizing the pistol blanks and slide stop levers. By making, using, offering for sale, selling, and/or

importing the Accused Products, Polymer80 has indirectly infringed and continues to infringe one or more claims of the '222 Patent.

Count 1 of the Complaint asserts a cause of action against Polymer80 for Induced Infringement of the '222 Patent. This Count asserts that Polymer80 directed, instructed, and encouraged its employees, distributors, dealers, and/or customers to install and/or use the Accused Products in an infringing manner in its product packaging and product advertising, by providing support and technical assistance, and by providing installation instructions or instructional materials, among other acts. When the Accused Products were or are used by Polymer80's employees, distributors, dealers, or customers in the manner instructed and directed by Polymer80, Polymer80's employees, distributors, dealers, or customers directly infringe one or more of claims 1-4 of the '222 Patent. Accordingly, Polymer80's Accused Products, when included in a completed pistol, result in direct infringement of one or more of claims 1-4 of the '222 Patent in violation of 35 U.S.C. § 271(a), and Polymer80 thereby indirectly infringes the '222 Patent by inducing infringement of the '222 Patent, pursuant to 35 U.S.C. § 271(b).

Count 2 of the Complaint asserts a cause of action against Polymer80 for Contributory Infringement of the '222 Patent. This Count asserts that Polymer80 provided its employees, distributors, dealers, and/or customers with the Accused Products, which are essential to practice the invention of the '222 Patent. When the Accused Products are used by Polymer80's employees, distributors, and/or customers in a completed pistol, the Accused Products directly infringe one or more of claims 1-4 of the '222 Patent, as set forth above and in the Complaint. Accordingly, Polymer80 has indirectly infringed and continues to indirectly infringe the '222 Patent by contributing to infringement of the '222 Patent, pursuant to 35 U.S.C. § 27l(c).

GLOCK seeks a preliminary injunction, a permanent injunction, an accounting, and monetary damages with respect to Polymer80's sales of the Accused Products, including treble damages for willful infringement pursuant to 35 U.S.C. § 284. GLOCK further seeks enhanced damages against Polymer80 and an award of its reasonable attorneys' fees and costs pursuant to 35 U.S.C. § 285.

### B. Defendant's Contentions

Defendant has filed an answer denying or otherwise objecting to the substantive allegations, and has asserted the affirmative defenses of non-infringement, failure to state a claim, no injunctive relief, estoppel, statute of limitations, failure to mark, and no willfulness.

## 3. JURISDICTIONAL BASIS FOR THE CASE

This Court has jurisdiction over the subject matter of this action pursuant to 28 U.S.C. §§ 1331 and 1338(a) because this Complaint includes a cause of action for patent infringement under the patent laws of the United States, including, but not limited to, 35 U.S.C. §§ 271, 281, 283-285, and 287.

## 4. AMENDMENTS AND ADDITIONAL PARTIES

At this time, the parties do not anticipate amending their pleadings or adding additional parties. Plaintiff and defendant reserve the right to do so as a result of information discovered during the discovery process. The parties propose **October 30, 2023** as the deadline for amending pleadings and adding parties.

## 5. PENDING MOTIONS

There are no pending motions in this case.

## 6. RELATED CASES

There are no known related cases currently pending before this Court or any other court.

## 7. DISCOVERY DISCUSSION

a) **Initial Disclosures:** The parties will serve Initial Disclosures under Rule 26(a)(1) on or before July 31, 2023.

b) **Existing Discovery Requests:** No discovery has been served by any party to date.

c) **Protective Order:** The parties plan to file a proposed protective order for entry by the Court.

d) **Other Issues or Proposals:**

   i. *Consent to Electronic Service:* Both parties consent to electronic service in this case pursuant to Fed. R. Civ. P. 5(b)(2)(E).

      ii.    *Claim Construction Briefing:* Opening and responsive claim construction briefs shall not exceed 30 pages, and the reply brief shall not exceed 15 pages.

  e) **Location of Discovery:** There will likely be a need to take depositions outside of Nevada, given the physical location of anticipated persons with knowledge. The parties anticipate being able to conduct this discovery through remote deposition methods if necessary.

  f) **Depositions:** The parties agree that this case does not warrant a departure from the presumptive limits on the number of depositions and interrogatories set forth in Fed. R. Civ. P. 30, 31, and 33. It is anticipated that depositions will be recorded by audiovisual or stenographic means, as appropriate and desired.

## 8. ELECTRONICALLY STORED INFORMATION

  a) The parties anticipate that electronically stored information (ESI) discovery is expected in this case and will likely include email communications (with attachments), files stored or otherwise maintained in or on computer hard drives/servers, and social media postings, website pages, and similar online documents (collectively, "Online Media Documents"). The parties plan to file a proposed order governing the discovery of electronically stored information (ESI) for entry by the Court.

  b) *Electronic Evidence:* Pursuant to LR 26-1(b)(9), the parties have discussed whether they intend to present evidence in electronic format to jurors for the purposes of jury deliberations. The parties have not yet reached any stipulations or decisions in this regard.

## 9. PROPOSED DISCOVERY PLAN AND SCHEDULING ORDER

| Event | Time Frame | Date |
|---|---|---|
| Initial Scheduling Conference ("ISC") | | June 8, 2023<br>July 17, 2023** |
| Initial Rule 26(a) Disclosures | 14 days after ISC | July 31, 2023 |
| Joint Protective Order (LPR 1-4) | 14 days after ISC | July 31, 2023 |
| Disclosure of Asserted Claims, and Preliminary Infringement Contentions (LPR 1-6, 1-7) | | August 11, 2023 |
| Defendant Serves Disclosure of Non-Infringement Contentions (LPR 1-8, 1-9) | 45 days after Preliminary Infringement Contentions | September 25, 2023 |

| | | |
|---|---|---|
| Exchange of Proposed Terms of Construction (LPR 1-13) | 90 days from ISC | October 16, 2023 |
| Response to Non-Infringement Contentions (LPR 1-10) | 14 days after Disclosure of Non-Infringement Contentions | October 9, 2023 |
| Exchange of Preliminary Claim Construction (LPR 1-14) | 14 days after Exchange of Proposed Terms | October 30, 2023 |
| Submit Joint Claim Construction and Pre-Hearing Statement (LPR 1-15) | 14 days after Exchange of Preliminary Claim Constructions | November 13, 2023 |
| Plaintiff Serves Opening Claim Construction Brief (LPR 1-16) | 21 days after Joint Claim Construction and Pre-Hearing Statement | December 4, 2023 |
| Defendant Serves Response to Claim Construction Brief (LPR 1-16) | 21 days after service of Opening Claim Construction Brief | December 25, 2023 |
| Plaintiff Serves Reply Claim Construction Brief and Matter Submitted to Court for Hearing (LPR 1-16) | 7 days after service of Responsive Claim Construction Brief | January 1, 2024 |
| Motion to Amend Pleadings / Parties (LR 26-1(b)(2) and LPR 1-22) | 90 days to close of discovery | January 15, 2024 |
| Claim Construction Hearing (LPR 1-17) | at the Court's convenience | |
| Claim Construction Order (LPR 1-17) | at the Court's convenience | |
| Meet and confer in order to reasonably limit the number of claims and prior art references asserted. (LPR 1-18a) | 14 days after Claim Construction Order | |
| Post-Claim Construction Order Settlement Conference (LPR 1-19) | within 30 days of Claim Construction Order | |
| Parties Amend Disclosures / Opinion of Counsel Defenses (LPR 1-18a and 1-18b) | 30 days after Claim Construction Order | |
| Discovery Cut-Off Date (LR 26-1(b)(2) and LPR 1-22) | 270 days from ISC | April 12, 2024 |
| Opening Expert Disclosures (FRCP 26(a)(2), LR 26(1)(b)(3) and LPR 1-22) | 60 days after Claim Construction Order | |
| Rebuttal Expert Disclosures (FRCP 26(a)(2), LR 26(1)(b)(3) and LPR 1-22) | 30 days after Opening Expert Disclosures | |
| Expert Discovery Cut-Off (LR 26-1(b)(1), LR 26(1)(b)(1) and LPR 1-22) | 60 days after Rebuttal Expert Disclosures | |
| Dispositive Motion Deadline (LR 26-1(b)(4) and LPR 1-22) | 30 days after expert discovery closes | |
| Responses to Dispositive Motions (LR 7-2) | 21 days after service of Dispositive Motions | |
| Replies in Support of Dispositive Motions (LR 7-2) | 14 days after Responses | |

| Joint Pretrial Order and Pretrial Disclosures (FRCP 26(a)(3) and LR 26(1)(b)(5), (6)) | Within 30 days of Order on Dispositive Motions | |
|---|---|---|
| Pretrial Settlement Conference (LPR 1-19) | Within 30 days of the entry of a pretrial order | |
| Motions in Limine (LR 16-3(a)) | 30 days before trial | |
| Responses to Motions in Limine (LR 16-3(a)) | 14 days after service of Motions in Limine | |
| Trial | TBD | |

IT IS ORDERED that, if no dispositive motions will be filed within the time specified in this order, then the parties must file a written, joint proposed pretrial order within thirty (30) days of the dispositive motion cutoff.

SPECIAL SCHEDULING REVIEW IS REQUESTED as this is a patent case. **Nevertheless, the deadlines submitted herein are in compliance with 26-1(b), as adjusted by thirty (30) days to account for the Court's Order granting a limited stay for purposes of settlement negotiations (ECF No. 34).

### 10. JURY TRIAL AND LENGTH FOR TRIAL

Both parties have requested a jury trial. Presently, the parties estimate the length of trial will be ten (10) days.

### 11. SETTLEMENT POSSIBILITIES

The parties are amenable to conducting a settlement conference in order to potentially resolve the litigation and they are currently engaging in settlement discussions.

### 12. TRIAL BY MAGISTRATE JUDGE

The parties discussed trial by a Magistrate Judge and use of the Short Trial Program. Presently, neither party agrees to a trial by Magistrate Judge or use of the Short Trial Program.

### 13. BIFURCATION OR PHASING OF TRIAL

Neither party requests bifurcation or phasing of trial at this time, and they do not presently have any other suggestions for shortening or expediting discovery, pre-trial motions or trial.

### 14. CASE MANAGEMENT CONFERENCE

The parties defer to the Court as to whether a case management conference should be set in this case.

Respectfully submitted this 19th day of July, 2023 by:

**BROWNSTEIN HYATT FARBER SCHRECK, LLP**

By: /s/ *Matthew D. Francis*
Matthew D. Francis
Arthur A. Zorio
5520 Kietzke Lane, Suite 110
Reno, Nevada 89511
Telephone: 775-324-4100
Fax: 775-333-8171
Email: mfrancis@bhfs.com
Email: azorio@bhfs.com

Eric G. Maurer (Admitted *pro hac vice*)
Cynthia J. Lee (Admitted *pro hac vice*)
THOMAS | HORSTEMEYER, LLP
3200 Windy Hill Road, Suite 1600E
Atlanta, Georgia 30339
Telephone: 770-933-9500
Fax: 770-951-0933
Email: e.maurer@thip.law
Email: c.lee@thip.law

John F. Renzulli (Admitted *pro hac vice*)
Peter V. Malfa (Admitted *pro hac vice*)
RENZULLI LAW FIRM, LLP
One North Broadway, Suite 1005
White Plains, New York 10601
Telephone: 914-285-0700
Fax: 914-285-1213
Email: jrenzulli@renzullilaw.com
Email: pmalfa@renzullilaw.com

*Attorneys for Plaintiff GLOCK, Inc.*

-and-

**JENNINGS & FULTON, LTD.**

By: /s/ *Tod R. Dubow*
Adam R. Fulton, Esq.
Nevada Bar No. 11572
E-mail: afulton@jfnvlaw.com
Tod R. Dubow, Esq.
Nevada Bar No. 7323
E-mail: tdubow@jfnvlaw.com
2580 Sorrel Street
Las Vegas, Nevada 89146
Telephone: (702) 979-3565
Facsimile: (702) 362-2060

*Attorneys for Defendant Polymer80, Inc.*

**IT IS SO ORDERED.**

_____
UNITED STATES MAGISTRATE JUDGE

DATED: _____.

# CERTIFICATE OF SERVICE

Pursuant to FRCP 5(b), I certify that I am an employee of BROWNSTEIN HYATT FARBER SCHRECK, LLP, and on this 19th day of July, 2023, I served the document entitled **JOINT PROPOSED DISCOVERY PLAN AND SCHEDULING ORDER** on the parties listed below via the following:

☐ **VIA FIRST CLASS U.S. MAIL:** by placing a true copy thereof enclosed in a sealed envelope with postage thereon fully prepaid, in the United States mail at Reno, Nevada for delivery to the below listed resident agent and attorney.

☐ **BY PERSONAL SERVICE:** by personally hand-delivering or causing to be hand delivered by such designated individual whose particular duties include delivery of such on behalf of the firm, addressed to the individual(s) listed below.

☐ **VIA COURIER FOR PERSONAL DELIVERY:** by delivering a copy of the document to a courier service for personal hand-delivery to the below, whereby the courier signs a certificate specifying the date of actual hand-delivery.

☐ **VIA COURIER:** by delivering a copy of the document to a courier service for over-night delivery to the below parties.

☐ **VIA ELECTRONIC SERVICE:** as an attachment to electronic mail directed to counsel for Polymer80, Inc. at the email address listed below.

☒ **VIA ELECTRONIC SERVICE:** by electronically filing the document with the Clerk of the Court using the ECF/eFlex system which served the following parties electronically:

Adam R. Fulton, Esq.
Tod R. Dubow, Esq.
JENNINGS & FULTON, LTD.
2580 Sorrel Street
Las Vegas, Nevada 89146
Email: afulton@jfnvlaw.com
       tdubow@jfnvlaw.com

 */s/ Jeff Tillison*
Employee of Brownstein Hyatt
Farber Schreck, LLP