Matthew D. Francis
Nevada Bar No. 6978
Arthur A. Zorio
Nevada Bar No. 6547
BROWNSTEIN HYATT FARBER SCHRECK, LLP
5520 Kietzke Lane, Suite 110
Reno, Nevada 89511
Telephone: 775-324-4100
Fax: 775-333-8171
Email: mfrancis@bhfs.com
Email: azorio@bhfs.com

Eric G. Maurer (GA Bar # 478199)
(Admitted *pro hac vice*)
PERILLA KNOW & HILDEBRANDT LLP
5871 Glenridge Drive, Suite 350
Atlanta, Georgia 30328
Telephone: 770-927-7802
Fax: 877-389-6779
Email: e.maurer@pkhip.com

John F. Renzulli (NY Bar # 1931476)
(Admitted *pro hac vice*)
Peter V. Malfa (NY Bar # 5224720)
(Admitted *pro hac vice*)
RENZULLI LAW FIRM, LLP
One North Broadway, Suite 1005
White Plains, New York 10601
Telephone: 914-285-0700
Fax: 914-285-1213
Email: jrenzulli@renzullilaw.com
Email: pmalfa@renzullilaw.com

*Attorneys for Plaintiff GLOCK, Inc.*

**UNITED STATES DISTRICT COURT**

**DISTRICT OF NEVADA**

| | |
|---|---|
| GLOCK, INC., a Georgia corporation,<br><br>Plaintiff,<br><br>v.<br><br>POLYMER80, INC., a Nevada corporation,<br><br>Defendant. | Case No.: 3:23-cv-00086-MMD-CLB<br><br>**JOINT CLAIM CONSTRUCTION AND PREHEARING STATEMENT** |

COME NOW, Plaintiff GLOCK, Inc., and Defendant Polymer80, Inc. (collectively, "the Parties"), having met and conferred on November 8, 2023, in accordance with LPR 1-14(a), and hereby file their Joint Claim Construction and Prehearing Statement for asserted U.S. Patent No. 9,933,222 ("the '222 Patent"), as follows:

**(a) Construction of those terms on which the parties agree.**

As between them, the Parties commonly propose that one claim term/phrase of the '222 Patent should be construed by the Court:

    (1) "lower claw" (Claims 1-3)

Plaintiff proposes one additional claim term/phrase of the '222 Patent for construction:

    (2) "retained by" (Claim 2)

Defendant proposed nine additional claim terms/phrases of the '222 Patent for construction:

    (3) "pistol" (Claims 1-4)

    (4) "upper claw" (Claims 1-3)

    (5) "compression spring" (Claims 1-3)

    (6) "pretensioned" (Claims 1-2)

    (7) "pretensioned compression spring" (Claims 1-2)

    (8) "pretensioned between the upper claw and the lower claw" (Claims 1-2)

    (9) "helical compression spring" (Claim 3)

    (10)   "a pretensioned compression spring disposed between and retained by the upper and lower opposed claws" (Claims 1-2)

    (11)   "holding extensions" (Claim 3)

After meeting and conferring, Defendant agrees that the claim phrase "helical compression spring" (Claim 3) does not need further construction and should be accorded its plain and ordinary meaning. The Parties presently do not agree on the respective proposed construction of the remaining proposed terms but intend to further meet and confer to determine whether agreed constructions can be reached on other terms proposed for construction.

**(b) Each party's proposed construction of each disputed term, together with an identification of all references from the specification or prosecution history that support that construction, and an identification of any extrinsic evidence known to the party on which it intends to rely either to support its proposed construction or to oppose any other party's proposed construction, including, but not limited to, as permitted by law, dictionary definitions, citations to learned treatises and prior art, and testimony of percipient and expert witnesses.**

As set forth above, 11 claim terms, phrases, or clauses are in dispute. The Parties' respective proposed constructions for each of the disputed terms are set forth in the Joint Claim Construction Chart enclosed herewith as Exhibit A, along with the Parties' respective disclosed (1) identification of all references from the specification or prosecution history supporting their constructions, and (2) identification of extrinsic evidence known to the Parties on which they intend to rely to support their respective proposed constructions or to oppose the opposing party's proposed constructions, including dictionary definitions and citations to learned treatises and prior art.

**(c) An identification of the terms whose construction will be most significant to the resolution of the case. The parties must also identify any term whose construction will be case or claim dispositive.**

At this time, and before discovery has been completed, Plaintiff identifies the term "lower claw" as a term whose construction will be most significant to the resolution of the case and may be case dispositive in view of the current claims of infringement. Defendant does not believe that any term construction by the Court is case dispositive, nor does Defendant believe "lower claw" is the most significant term for all claims sought by Plaintiff.

**(d) The anticipated length of time necessary for the Claim Construction Hearing.**

The Parties anticipate that the time necessary for the Claim Construction Hearing will be approximately one-half day.

**(e) Whether one or more parties seeks to provide a tutorial, and, if so, the anticipated length of time for such tutorial(s).**

The Parties do not seek a separate tutorial presentation, but Plaintiff intends to address the technology and field of art of the '222 Patent at the beginning of its presentation at the Claim Construction Hearing.

**(f) Three potential dates on which a Claim Construction Hearing could be held. These dates must be within 60 days of the date by which claim construction briefing is to be completed.**

The Parties propose the following dates on which the Claim Construction Hearing could be held:

(1) February 7, 2024

(2) February 15, 2024

(3) February 21, 2024

**(g) Whether any party proposes to call one or more witnesses at the Claim Construction Hearing, the identity of those witnesses, and for each witness, a summary of his or her testimony including, for any expert, each opinion to be offered related to claim construction. Terms to be construed by the court must be included in a chart that sets forth the claim language as it appears in the patent with terms and phrases to be construed in bold and include each party's proposed construction and any agreed proposed construction.**

The Parties state that there are no proposed witnesses for the Claim Construction Hearing. Terms to be construed by the Court are set forth, as the claim language appears in the patent with terms and phrases to be construed in bold, in the chart enclosed herewith as Exhibit B.

Respectfully submitted this 13th day of November, 2023 by:

| BROWNSTEIN HYATT FARBER SCHRECK, LLP | JENNINGS & FULTON, LTD. |
|---|---|
| By: /s/ Matthew D. Francis<br>Matthew D. Francis<br>Nevada Bar No. 6978 | By: /s/ Tod R. Dubow<br>Adam R. Fulton, Esq.<br>Nevada Bar No. 11572 |

- 3 -

| | |
|---|---|
| 5520 Kietzke Lane, Suite 110<br>Reno, Nevada 89511<br>Telephone: 775-324-4100<br>Fax: 775-333-8171<br>Email: mfrancis@bhfs.com | E-mail: afulton@jfnvlaw.com<br>Tod R. Dubow, Esq.<br>Nevada Bar No. 7323<br>E-mail: tdubow@jfnvlaw.com<br>2580 Sorrel Street<br>Las Vegas, Nevada 89146<br>Telephone (702) 979-3565<br>Facsimile (702) 362-2060 |
| Eric G. Maurer (Admitted *pro hac vice*)<br>PERILLA, KNOX & HILDEBRANDT LLP<br>5871 Glenridge Drive, Suite 350<br>Atlanta, Georgia 30328<br>Telephone: 770-927-7802<br>Fax: 877-389-6779<br>Email: e.maurer@pkhip.com | *Attorneys for Defendant Polymer80, Inc.* |

John F. Renzulli (Admitted *pro hac vice*)
Peter V. Malfa (Admitted *pro hac vice*)
RENZULLI LAW FIRM, LLP
One North Broadway, Suite 1005
White Plains, New York 10601
Telephone: 914-285-0700
Fax: 914-285-1213
Email: jrenzulli@renzullilaw.com
Email: pmalfa@renzullilaw.com

*Attorneys for Plaintiff GLOCK, Inc.*

- 4 -

## CERTIFICATE OF SERVICE

Pursuant to FRCP 5(b), I certify that I am an employee of BROWNSTEIN HYATT FARBER SCHRECK, LLP, and on this 13th day of November, 2023, I served the document entitled, **JOINT CLAIM CONSTRUCTION AND PREHEARING STATEMENT**, on counsel of record through the CM/ECF system.

           /s/ Jeff Tillison
Employee of Brownstein Hyatt Farber Schreck, LLP

**INDEX OF EXHIBITS**

| | | |
|---|---|---|
| A. | Joint Claim Construction Chart Pursuant to LPR 1-15(b) | 14 Pages |
| B. | Terms to be Construed by the Court Pursuant to LPR 1-15(g) | 2 Pages |