ADAM R. FULTON, ESQ.
Nevada Bar No. 11572
E-mail: afulton@jfnvlaw.com
TOD R. DUBOW, ESQ.
Nevada Bar No. 7323
E-mail: tdubow@jfnvlaw.com
**JENNINGS & FULTON, LTD.**
2580 Sorrel Street
Las Vegas, Nevada 89146
Telephone (702) 979-3565
Facsimile (702) 362-2060

*Attorneys for Defendant POLYMER80, INC.*

# UNITED STATES DISTRICT COURT

# DISTRICT OF NEVADA

| | |
|---|---|
| GLOCK, INC. a Georgia corporation,<br><br>         Plaintiff,<br><br>vs.<br><br>POLYMER80, INC., a Nevada corporation,<br><br>         Defendant. | CASE NO.:   3:23-cv-00086<br><br>**LPR 1-16 DEFENDANT'S RESPONSE TO PLAINTIFF'S OPENING BRIEF ON CLAIM CONSTRUCTION** |

Defendant POLYMER80, INC. (hereinafter "Defendant") by and through its attorneys of record, ADAM R. FULTON, ESQ. and TOD R. DUBOW, ESQ., of the law firm of JENNINGS & FULTON, LTD., submits the following **RESPONSE TO PLAINTIFF'S OPENING BRIEF ON CLAIM CONSTRUCTION** pursuant to LPR 1-16:

## MEMORANDUM OF POINTS AND AUTHORITIES

**A.   LEGAL STANDARD FOR CLAIM CONSTRUCTION**

Claim construction allows for a determination of the ordinary meaning of a claim term to the standard used in patent analysis: a person of ordinary skill in the art at the time of the filing date of the patent application. *Phillips v. AWH Corp.*, 415 F.3d 1303, 1313 (Fed. Cir. 2005). In this determination, "only those terms need be construed that are in controversy, and

only to the extent necessary to resolve the controversy." *Vivid Techs, Inc. v. Am. Sci. & Eng'g, Inc.*, 200 F.3d 795, 803 (Fed. Cir. 1999). If the applicant acted as his own lexicographer and set forth clear definitions for disputed terms in claims, either in the specifications or through the prosecution history, the claim will not be interpreted to have its ordinary meaning. This is also true if intrinsic evidence supports the applicant distinguishing the term from its use in prior art "on the basis of a particular embodiment, expressly disclaimed subject matter, or described in a particular embodiment as important to the invention". A third circumstance, there would be no ordinary meaning applied to a term "deprives the claim of clarity" and necessitates to other intrinsic evidence for a concrete meaning. Finally, a claim term will cover only the corresponding structure or step disclosed in the specification, and its equivalents, for performing a claimed function if the applicant phrased the claim in a means-plus-function format. *Edward Lifesciences LLC v. Cook Inc.*, 582 F.3d 1322, 1329 (Fed. Cir. 2009) citing *CCS Fitness, Inc. v. Brunswick Corp.*, 288 F.3d 1359, 1367 (Fed. Cir. 2002). The court should consider the patent's prosecution history, which consists of "the complete record of the proceedings before the PTO and includes the prior art cited during the examination of the patent." *Phillips v. AWH Corp.*, 415 F.3d 1303 (Fed. Cir. 2005) (en banc).

**B. PLAINTIFF'S DISCLOSED TERMS FOR CONSTRUCTION**

**1.** "**lower claw**" (Claims 1-3): This term was disclosed by both parties.

**Proposed Construction by Defendant**: "A curved extension from the lower end region of the holding lever directed toward the upper claw to securely hold the compression spring in a compressed state."

**Defendant's supporting evidence:** *See* Patent file attached hereto as Ex. 1, at Bates 273 ("In contrast, the pistol of the present application incorporates an improved catch device that includes a spring that is retained by the catch device itself. The compression spring is retained

between an upper claw and a lower claw formed at the end of a holding lever, such that the upper and lower claws are directed towards each other."  "The compression spring is both easier to mount and more difficult to lose, as the spring can be installed between the claws prior to the installation of the catch device in the body of the pistol.")  *See also* 222 Patent at 3:18-20.  *See* Ex. 2. *See also* Merriam-Webster: "a sharp usually slender and curved nail on the toe of an animal: any of various sharp curved processes especially at the end of a limb (as of an insect) also: a limb ending in such a process: one of the pincerlike organs terminating some limbs of various arthropods (such as a lobster or scorpion): something that resembles a claw." *See* Ex. 3. *See also Cambridge* Dictionary: "an object or tool for picking things up that looks something like the claws of an animal, bird, or insect:" *See* Ex. 4.

**Defendant's Response to Plaintiff's construction**:

Plaintiff's proposed construction is *"lower end region of the spring end of the holding lever."*  This construction fails to adequately describe the function of the claw and the nature of its physical form.  The function is to retain the compression spring securely in connection with the opposing upper claw.    Ex. 1, at Bates 273. The nature of its form is of a curved extension, the definition of a claw.  *See* definitions above.  Plaintiff is incorrect that defendant is unduly imposing limitations on construction.  Defendant's proposed construction includes clarifications taken directly from the patent file history, the issued patent, and well-established dictionary definitions.

Plaintiff's construction seeks a description with a vague functional meaning to cast the largest net on things deemed an "equivalent."  The patent history shows that the application was initially rejected due to prior art.    During their response, the applicant explicitly stated the importance of the two claws pre-tensioning the spring as the point of novelty *"because an end of the holding lever of Muller does not include an upper and lower claw, directed*

JENNINGS & FULTON, LTD.
2580 SORREL STREET
LAS VEGAS, NEVADA 89146
TELEPHONE 702 979 3565 ♦ FAX 702 362 2060

*towards one another. The compression spring 146 of Muller therefore cannot be pretensioned between such an upper and lower claw, as recited by claims1 and 2."* Ex. 1, Bates 186.

Prosecution History Estoppel prevents a patent holder from claiming subject matter elements that they surrendered during the patents prosecution in order to be granted that patent. *Festo v. Shoketsu Kogyo Kabushiki Co. Ltd.*, 535 U.S. 722, 152 L. Ed. 2d 944. 122 S. Ct. 1831 (2002).  Thus plaintiff seeks to avoid estoppel by proposing a construction that could deem a thing as a lower claw regardless of the intended function.

**2.  "retained by."** Defendant agrees that this is a significant term which should be construed by the Court.

**Defendant's Proposed Construction**: "Securely held such that the spring is difficult to lose."

**Defendant's Supporting Evidence**:  *See* Prosecution history, Ex. 1, Bates 186 ("Because the compression spring of the claimed holding lever is pretensioned between the *upper* and lower claws of the holding lever, the spring may be placed on the holding lever where it is retained securely".); Bates 273 ("The compression spring is both easier to mount and more difficult to lose, as the spring can be installed between the claws prior to the installation of the catch device in the body of the pistol."); Bates 273 ("Furthermore, when the pretensioned compression spring is tensioned further (as during use), there is virtually no relative movement between the ends of the spring and adjacent components." ); and Merriam-webster ("to hold secure or intact"). Ex. 5

**Defendant's Response to Plaintiff's construction**:

Plaintiff's proposed construction is *"held or kept by."*  This construction fails to provide meaning by omitting the word "securely" and the phrase "difficult to lose" as provided in the prosecution history above.

**C.  DEFENDANT'S DISCLOSED TERMS FOR CONSTRUCTION:**

In an effort to narrow the issues to the most significant, Defendant submits only the following additional term for the Court's construction:

**3.  "Pistol." (Claims 1-4).**   This term is significant because Glock alleges that the Accused Products are sold in kits with unassembled parts.

**Defendant's Proposed Construction**:  "An assembled pistol containing all parts necessary for it to function."

**Defendant's Supporting Evidence**:  Glock US Patent **4,825,744**.  *See* Ex. 6.  US9933222 contains 4 claims each of which starts with the essential element of a "pistol."  Plaintiff's US Patent 4825744, which was incorporated by reference teaches in its abstract that an automatic pistol included numerous parts to function as intended:

> "A pistol has a frame, a barrel slidable on the frame and having a cartridge-receiving rear end, and a breech slidable on the frame and engageable over the rear end of the barrel to form a cartridge chamber. A standard slide carries the barrel and breech. A firing element and a firing pin operatively linked thereto are movable on the breech toward and away from the barrel between a rear position in which the firing pin is out of the cartridge chamber and a front position with the firing pin projecting forward into the cartridge chamber for firing a cartridge in the chamber when the firing element moves from the rear to the front position. A relatively strong firing spring braced against the •firing element urges same into the front position and a relatively weak spring braced against the firing element urges same into the rear position. A trigger movable on the frame between an actuated and an unactuated position and an abutment engageable with the firing element and displaceable backward on the frame are linked together so as to displace the firing element back into the rear position on

JENNINGS & FULTON, LTD.
2580 SORREL STREET
LAS VEGAS, NEVADA 89146
TELEPHONE 702 979 3565 ♦ FAX 702 362 2060

displacement of the trigger from the unactuated to the actuated position and to displace the abutment out of operative engagement with the firing element on displacement of the trigger into the actuated position for displacement of the firing element by the springs into the front position."

**Response to Plaintiff's Argument:**   The term "pistol" requires clarification because of the unassembled nature of the Accused Products.    It is clear that from Glock's US Patent **4,825,744** that a pistol must contain all parts necessary for it to function.  This is not an undue limitation, but a clarification based upon Glock's own language contained in Glock's US Patent **4,825,744**.

## **CONCLUSION**

Based upon the foregoing Defendant respectfully requests that the Court adopt Defendant's construction of the three (3) claim terms at issue.

DATED: December 14th, 2023                    **JENNINGS & FULTON, LTD.**

By:    */s/ Adam R. Fulton, Esq.*
_____
ADAM R. FULTON, ESQ.
Nevada Bar No. 11572
E-mail: afulton@jfnvlaw.com
TOD R. DUBOW, ESQ.
Nevada Bar No. 7323
E-mail: tdubow@jfnvlaw.com
**JENNINGS & FULTON, LTD.**
2580 Sorrel Street
Las Vegas, Nevada 89146
Telephone: (702) 979-3565
Facsimile:   (702) 362-2060
*Attorneys for Defendant*
*POLYMER80, INC.*

JENNINGS & FULTON, LTD.
2580 SORREL STREET
LAS VEGAS, NEVADA 89146
TELEPHONE 702 979 3565 ♦ FAX 702 362 2060

## CERTIFICATE OF SERVICE

Pursuant to F.R.C.P. 5(b), I hereby certify that I am an employee of JENNINGS & FULTON, LTD., and that on the 14th day of December 2023, I caused a true and correct copy of the foregoing **LPR 1-16 DEFENDANT'S RESPONSE TO PLAINTIFF'S OPENING BRIEF ON CLAIM CONSTRUCTION** to be served via the U.S. District Court, District of Nevada's CM/ECF electronic filing and service system to:

Matthew D. Francis, Esq.
Arthur A. Zorio, Esq.
**BROWNSTEIN HYATT FARBER SCHRECK, LLP**
5520 Kietzke Lane, Suite 110
Reno, Nevada 89511
Telephone: 775-324.4100
Email: mfrancis@bhfs.com
Email: azorio@bhfs.com

*Attorneys for Plaintiff*
*GLOCK, INC.*

Eric G. Maurer, Esq. (GA Bar # 478199)
(*pro hac vice to be submitted*)
**PERILLA KNOX & HILDEBRANDT LLP**
5871 Glenridge Drive, Suite 350
Atlanta, Georgia 30328
Telephone: 770-927-7802
Facsimile: 877-389-6779
Email: e.maurer@pkhip.com

*Attorneys for Plaintiff*
*GLOCK, INC.*

John F. Renzulli, Esq. (NY Bar # 1931476)
(*pro hac vice to be submitted*)
Peter V. Malfa, Esq. (NY Bar # 5224720)
(*pro hac vice to be submitted*)
**RENZULLI LAW FIRM, LLP**
One North Broadway, Suite 1005
White Plains, New York 10601
Telephone: 914-285-0700
Email: jrenzulli@renzullilaw.com
Email: pmalfa@renzullilaw.com

*Attorneys for Plaintiff*
*GLOCK, INC.*

 

*/s/ Norma Richter*
*An Employee of*
JENNINGS & FULTON, LTD.

JENNINGS & FULTON, LTD.
2580 SORREL STREET
LAS VEGAS, NEVADA 89146
TELEPHONE 702.979.3565 ♦ FAX 702.362.2060