# Exhibit A

## Consent Judgment and Permanent Injunction

Matthew D. Francis
Nevada Bar No. 6978
Arthur A. Zorio
Nevada Bar No. 6547
BROWNSTEIN HYATT FARBER SCHRECK, LLP
5520 Kietzke Lane, Suite 110
Reno, Nevada 89511
Telephone: 775-324-4100
Fax: 775-333-8171
Email: mfrancis@bhfs.com
Email: azorio@bhfs.com

Eric G. Maurer (GA Bar # 478199)
(Admitted *pro hac vice*)
PERILLA KNOW & HILDEBRANDT LLP
5871 Glenridge Drive, Suite 350
Atlanta, Georgia 30328
Telephone: 770-927-7802
Fax: 877-389-6779
Email: e.maurer@pkhip.com

John F. Renzulli (NY Bar # 1931476)
(Admitted *pro hac vice*)
Peter V. Malfa (NY Bar # 5224720)
(Admitted *pro hac vice*)
RENZULLI LAW FIRM, LLP
One North Broadway, Suite 1005
White Plains, New York 10601
Telephone: 914-285-0700
Fax: 914-285-1213
Email: jrenzulli@renzullilaw.com
Email: pmalfa@renzullilaw.com

Attorneys for Plaintiff GLOCK, Inc.

**UNITED STATES DISTRICT COURT**

**DISTRICT OF NEVADA**

| | |
|---|---|
| GLOCK, INC., a Georgia corporation,<br><br>    Plaintiff,<br><br>v.<br><br>POLYMER80, INC., a Nevada corporation,<br><br>    Defendant. | Case No.: 3:23-cv-00086-MMD-CLB<br><br>**CONSENT JUDGMENT AND PERMANENT INJUNCTION** |

This matter comes before the Court on Plaintiff GLOCK, Inc.'s (hereinafter "GLOCK" or "Plaintiff") Complaint against Defendant Polymer80, Inc. (hereinafter "Polymer80" or "Defendant").

WHEREUPON, the parties have reached an agreement and have advised the Court of their desire to resolve this action pursuant to the terms of this Consent Judgment and Permanent Injunction. The resolution of this action between the parties is contingent upon entry by the Court of this Consent Judgment and Permanent Injunction.

ACCORDINGLY, IT IS HEREBY ORDERED, ADJUDGED AND DECREED AS FOLLOWS:

The parties hereby stipulate to the entry of this Consent Judgment and Permanent Injunction and in support the parties state, and the Court hereby finds, the following:

1. The Court has personal jurisdiction over each of the parties to this action. The Court also has subject matter jurisdiction over this action pursuant to 28 U.S.C. §§ 1331 and 1338. Venue in this judicial district is proper pursuant to 28 U.S.C. § 1391 and 1400(b).

2. At all relevant times, GLOCK has been and still is the owner by exclusive license of all right, title, and interest in United States Patent No. 9,933,222 (the "'222 Patent"), including the right to make, use, offer for sale, sell, or import patented products and to enforce the '222 Patent.

3. Polymer80 admits that the '222 Patent, issued by the U.S. Patent and Trademark Office on April 3, 2018, is valid and enforceable.

4. Polymer80 has made or had made, has used, has offered for sale, has marketed, has sold, and has otherwise transferred various "single stack" pistol frames designed to incorporate and were sold with slide stop levers, including its "PF9SS Single Stack Blank" pistol frame and components in a variety of finishes as set forth in Paragraph 21 of the Complaint (ECF No. 1), which is incorporated by reference as if fully set forth herein (hereinafter referred to as the "Single Stack Products").

5. Polymer80 has acquired, made or had made, used, marketed, offered for sale, sold, and otherwise transferred Single Stack Products in the United States that fall within the scope of one or more of the claims of the '222 Patent.

- 1 -

6. Polymer80 admits that its Single Stack Products directly infringe the '222 Patent when they are made, used, marketed, offered for sale, sold, and otherwise transferred with a slide stop lever.

7. Polymer80 admits that it has indirectly infringed the '222 Patent by inducement under 35 U.S.C. § 271(b) & contribution under 35 U.S.C. § 271(c) by inducing users of the Single Stack Products, whether sold with or without a slide stop lever, to directly infringe the '222 Patent by, *inter alia*: (a) providing its Single Stack Products which were made for and used in a manner that infringes the '222 Patent and have no substantial non-infringing use; (b) providing pistol blank kits including a slide stop lever and slide stop spring; (c) providing pistol rail kits comprising a slide stop lever and slide stop spring; (d) providing installation instructions on how to assemble, manufacture, and use the Single Stack Products in an infringing manner; and (e) directing and encouraging the actions of employees, distributors, and/or customers to directly infringe the '222 Patent, and contributing to said infringement.

8. Polymer80 admits that its alternative "design around" slide stop lever described in Dwg. No. 00468 Rev B entitled "Slide Catch, 9SS" which was included, or was intended to be included, with any of its firearm products on or about and at any point after February 1, 2023, including any currently undisclosed alternative slide stop lever design(s) that is substantially similar to this "design around" (hereinafter referred to as the "Work Around SSL Design"), infringes the '222 Patent.

9. In accordance with 35 U.S.C. § 283, Polymer80 IS AND SHALL BE PERMANENTLY ENJOINED from making, having made, importing, distributing, using, marketing, advertising, offering to sell, selling, or in any way transferring the Single Stack Products and any products that incorporate the Single Stack Products. For the sake of clarity, this paragraph is not intended to prohibit Polymer80 from selling products designed to accommodate detachable magazines that hold ammunition cartridges in a single column provided that such products are not based upon, use, or are in any way compatible with GLOCK magazines and/or a slide stop lever that infringes the '222 Patent.

- 2 -

10. In accordance with 35 U.S.C. § 283, Polymer80 IS AND SHALL BE PERMAMENTLY ENJOINED from making, having made, importing, distributing, using, marketing, advertising, offering to sell, selling, or in any way transferring any products with, or that otherwise use or incorporate, the Work Around SSL Design.

11. In accordance with 35 U.S.C. § 283, Polymer80 IS AND SHALL BE PERMAMENTLY ENJOINED from designing, making, having made, importing, distributing, using, marketing, advertising, offering to sell, selling, or in any way transferring any pistol, pistol frame/blank, pistol frame/blank kit, or other pistol component parts, including but not limited to the Single Stack Products in any variation or form, with or without a slide stop lever, that uses, incorporates, embodies, infringes upon, or otherwise contributes to a third-party's ability to infringe upon, the '222 Patent.

12. Polymer80 further IS AND SHALL BE PREMANENTLY ENJOINED from challenging the validity or enforceability of the '222 Patent or any claims of the '222 Patent, and from materially assisting or supporting a third party's challenge to the validity or enforceability of the '222 Patent or any claims of the '222 Patent.

13. In the event of an alleged violation of this Permanent Injunction by Polymer80, GLOCK may notify Polymer80, in writing, of the alleged violation. If Polymer80 fails to cure the alleged violation, subsequent to a fifteen (15) day Notice to Cure period, and a judicial determination is later made that it was in violation of the terms of the Permanent Injunction, GLOCK, in addition to injunctive and other relief the Court may provide, shall be entitled to liquidated damages in the amount of $2,000 per violation of this Permanent Injunction, plus an additional $1,000 per week that Polymer80 is found to have remained in violation after receiving written notice, plus its reasonable attorneys' fees and costs incurred in enforcing this Permanent Injunction. In determining what conduct amounts to a violation of this Permanent Injunction for the purposes of imposing liquidated damages, conduct involving the marketing and the sale of any individual product which violates this Permanent Injunction shall be counted as a separate violation. The parties stipulate that the damages for breaching this Permanent Injunction are speculative, not readily ascertainable, that

- 3 -

liquidated damages are appropriate in this instance, and that the amount of liquidated damages set forth in this Permanent Injunction is reasonable.

14. This Permanent Injunction, inclusive of the liquidated damages provisions, is binding on Polymer80 and each of its shareholders, directors, officers, employees, attorneys, agents, investors, creditors, successors, assignees, successors-in-interest, and any and all others (entity or individual) claiming through Polymer80 or its successors and assignees, as well as on any and all persons or entities working in concert and/or participation with them.

15. In accordance with 35 U.S.C. § 284, GLOCK shall have and recover from Polymer80 damages for its infringement of the '222 Patent in the amount of two hundred ninety-six thousand one hundred twenty dollars ($296,120.00) (the "Settlement Amount"). Polymer80 shall remit payment towards the Settlement Amount to GLOCK over a period of twelve (12) months with the total balance to be paid no later than twelve (12) months after the Court's entry of this Consent Judgment and Permanent Injunction.

16. Polymer80 shall deliver to GLOCK an initial payment of $25,000.00 via certified check (the "Partial Satisfaction Payment") on or before May 1, 2024. The Partial Satisfaction Payment will be applied to the Settlement Amount.

17. Except as provided in Paragraph 13, above, each party agrees to bear its own costs and attorneys' fees and its portion of any court cost.

18. Polymer80 affirmatively waives any and all rights to appeal this Consent Judgment.

///
///
///
///
///
///
///
///

- 4 -

19. This Consent Judgment shall continue to be in full force and effect following the closure of the above-captioned action, and the Court retains jurisdiction over the parties to enforce same.

Dated: This 7th day of March, 2024.

**GLOCK, INC.**

By: John F. Renzulli, Esq.
Peter V. Malfa, Esq.
Renzulli Law Firm, LLP
*Attorneys for Plaintiff*

**POLYMER80, INC.**

By: Loran Kelley
Owner, CEO
Polymer80, Inc.
*Defendant*

**IT IS SO ORDERED**

_____
Hon. Miranda M. Du
CHIEF UNITED STATES DISTRICT JUDGE

Dated: _____

- 5 -